2007 WY 144

**Richard SETEREN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 06–199.

Supreme Court of Wyoming.

Sept. 17, 2007.

Representing Appellant: D. Terry Rogers, Interim State Public Defender; and Donna D. Domonkos, Appellate Counsel.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, Richard Seteren (Seteren), entered a guilty plea to felony level driving under the influence of alcohol (DUI). Wyo. Stat. Ann. § 31–5–233(b)(i) and (e) (LexisNexis 2003) (fourth conviction within a five-year time span). That plea was conditioned on reservation of his right to appeal the district court's denial of his motion to dismiss the information for lack of a speedy trial. Seteren also contends the district court erred in imposing sentence. We will affirm.

## ISSUES

[¶ 2] Seteren raises these issues:

I. Whether the district court erred when it sentenced [Seteren] for a fourth DUI conviction when he was sentenced on June 15, 2006 and one of the convictions used for enhancement occurred on May 24, 2001.
II. Whether [Seteren] was denied his right to a speedy trial when none of the delay was attributable to [him].

The State rephrases the issues:

I. Did the district court err in sentencing [Seteren] for the felony of having four DUI convictions within five years, given that the earliest of those convictions occurred on May 24, 2001, and that he entered a guilty plea to the most recent charge on April 18, 2006?

II. Was [Seteren] denied his constitutional right to a speedy trial under the facts of this case?

## FACTS AND PROCEEDINGS

[¶ 3] The facts are not contested. Seteren was arrested on April 27, 2005, for DUI. He was arraigned in the Sheridan Municipal Court on April 29, 2005. An attorney for the City of Sheridan ascertained that Seteren had at least three other recent DUI convictions. Thus, under § 31–5–233(e), he became eligible to be prosecuted for a felony. That subsection provides:

> On a fourth or subsequent conviction within five (5) years for a violation of this section or other law prohibiting driving while under the influence, he shall be guilty of a felony and fined not more than ten thousand dollars ($10,000.00), punished by imprisonment for not more than two years, or both.

[¶ 4] One part of the controversy here is whether or not the State managed to get the "conviction" accomplished within a five-year period as contemplated by the statute. Wyo. Stat. Ann. § 31–5–233(a)(iii) (LexisNexis 2003) directs our attention to § 31–7–102(a)(xi) for the definition of "conviction," as used in the instant circumstances:

> (xi) "Conviction" means a final conviction and shall include:
>
> . . .
>
> (C) A plea of guilty or nolo contendere accepted by the court.

[¶ 5] Seteren appeared before the district court on April 18, 2006, and entered a plea of guilty to the charged felony of four DUI convictions in a five-year period. He next appeared before the district court on June 15, 2006, for sentencing and the "Judgment and Sentence" was entered of record on June 21, 2006. At sentencing, Seteren protested the sentence imposed based on the same theory that he pursues in this appeal, i.e., that his April 27, 2005 violation of the statute did not ripen into a conviction until June 21, 2006, when the sentence was finally entered of record. Seteren not only contends that the fourth conviction was "without" the relevant five-year time period; he also contends

that his right to a speedy trial was violated along the way.

## DISCUSSION

### The Five–Year Period

■ [¶ 6] At the time he entered his guilty plea, Seteren admitted that he had three previous convictions for DUI within the preceding five years:

1. The first offense occurred on March 10, 2001, and a conviction was achieved on May 24, 2001.

2. The second offense occurred on December 28, 2001, and a conviction was achieved April 30, 2004.[1]

3. The third offense occurred on September 13, 2003, and a conviction was achieved on January 27, 2004.

4. The fourth occurred on April 27, 2005, and a guilty plea was accepted by the district court on April 18, 2006.[2]

[¶ 7] We deem the language of the governing statute to be plain and unambiguous. Based upon Seteren's own testimony and the materials available to us in the record on appeal, Seteren was convicted of DUI four times in the course of five years and he was properly sentenced for that crime. Because the statute is clear and unambiguous we need not engage in an application of any of the rules of statutory construction. E.g., *Harris v. State*, 2006 WY 76, ¶¶ 11–14, 137 P.3d 124, 128–29 (Wyo.2006).

[¶ 8] The language of the statute is clear and unambiguous, but the Legislature may wish to consider altering the focus of the statute. The purpose of the statute seems plain: Persons who drive under the influence four or more times in a five-year period are guilty of a felony, if each of those episodes results in a conviction. As the statute is written, the focus is not so much on the conduct as it is on the conviction for the conduct. As written, the statute requires the prosecutor to be attentive to whether or not the fourth conviction is achieved within five years; whereas if the language were more precise, the crime would be complete once a fourth conviction was achieved, so long as all four incidents of conduct occurred within a five-year period.

### Speedy Trial

■ [¶ 9] Seteren concedes that Wyoming's speedy trial rule was not violated by the circumstances of this case. W.R.Cr.P. 48 provides:

(a) *By attorney for state.*—The attorney for the state may, by leave of court, file a dismissal of an indictment, information or citation, and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

(b) *Speedy trial.*—

(1) It is the responsibility of the court, counsel and the defendant to insure that the defendant is timely tried.

(2) A criminal charge shall be brought to trial within 180 days following arraignment unless continued as provided in this rule.

(3) The following periods shall be excluded in computing the time for trial:

(A) All proceedings related to the mental illness or deficiency of the defendant;

(B) Proceedings on another charge;

1. The delay between the date of the DUI incident is explained, in part, by the record. It appears that sentencing was deferred, but then reinstated because of yet another DUI incident. Of course, so far as the "crime" is concerned, Seteren admitted it and it is fully borne out by the record—in addition to his admissions. The district court commented on this circumstance noting,

"In fact, I think that very scenario may have occurred in Mr. Seteren's case with respect to his December 28th, 2001, arrest. The conviction in that case was not entered until April 30, 2004. And there is some reason why there was that type of delay between the arrest and sentencing. The record indicates that somewhere during that time frame the defendant was re-arrested. So it is not good public policy to allow either side in a criminal case to manipulate times for purposes of determining whether or not an enhanced penalty is appropriate."

2. Seteren attempts to construct an argument that the district court really did not accept the guilty plea on April 18, 2006. However, our careful examination of the record reveals that, while the district court could have been more precise in its use of language, the plea was accepted on that date.

(C) The time between the dismissal and the refiling of the same charge; and

(D) Delay occasioned by defendant's change of counsel or application therefor.

(4) Continuances exceeding 180 days from the date of arraignment may be granted by the trial court as follows:

(A) On motion of defendant supported by affidavit;

(B) On motion of the attorney for the state or the court if:

(i) The defendant expressly consents;

(ii) The state's evidence is unavailable and the prosecution has exercised due diligence; or

(iii) Required in the due administration of justice and the defendant will not be substantially prejudiced; and

(C) If a continuance is proposed by the state or the court, the defendant shall be notified. If the defendant objects, the defendant must show in writing how the delay may prejudice the defense.

(5) Any criminal case not tried or continued as provided in this rule shall be dismissed 180 days after arraignment.

(6) If the defendant is unavailable for any proceeding at which the defendant's presence is required, the case may be continued for a reasonable time by the trial court but for no more than 180 days after the defendant is available or the case further continued as provided in this rule.

(7) A dismissal for lack of a speedy trial under this rule shall not bar the state from again prosecuting the defendant for the same offense unless the defendant made a written demand for a speedy trial or can demonstrate prejudice from the delay.

[¶ 10] However, it is possible for a defendant to be tried within the time limits of Rule 48 and still suffer a constitutional deprivation due to delay which seriously prejudices his defense. Compliance with Rule 48 answers only part of any constitutional speedy trial question. We must also apply the four part test articulated by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). That analysis requires us to balance: (1) The length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant. *Jennings v. State*, 4 P.3d 915, 921 (Wyo.200). We examine de novo the constitutional question of whether or not a defendant has been denied a speedy trial in violation of the Sixth Amendment to the United States Constitution and art. 1, § 10 of the Wyoming Constitution. To the extent that the district court makes factual determinations in that process, we review them for clear error. *State v. Humphrey*, 2005 WY 131, ¶ 8, 120 P.3d 1027, 1029 (Wyo.2005). In *Humphrey*, we settled several questions pertinent to the instant appeal. The speedy trial clock begins to run upon arrest or when charges are filed. The speedy trial guarantee is no longer applicable once charges are dismissed. The speedy trial clock resumes running when a second charge is filed that is closely related to the first charge (essentially arises out of the same crime or the same set of facts and circumstances). *Humphrey*, ¶¶ 11–17, 120 P.3d at 1029–31.

[¶ 11] As noted above, Seteren was arrested for DUI on April 27, 2005. He entered a plea of not guilty on April 29, 2005. That charge was dismissed on May 25, 2005. The record becomes somewhat muddled for a considerable period of time. The information was dated and signed by the county attorney on May 9, 2005. That same piece of paper indicates that it was filed in the circuit court on October 4, 2005, and then in the district court on October 25, 2005. A criminal warrant was issued by the circuit court on June 9, 2005 (and it was filed of record that same date). However, that warrant was not served on Seteren until October 5, 2005. An attorney was appointed to represent Seteren and she entered her appearance on his behalf on October 14, 2005. After a preliminary hearing on October 18, 2005, Seteren was bound over to the district court. Seteren appeared before the district court for arraignment on November 22, 2005. In a document titled "Order After Arraignment," the district court set Seteren's case for a pretrial conference on April 18, 2006, and for trial on May 17, 2006.

[¶ 12] Seteren filed his first motion to dismiss for lack of a speedy trial on February 8, 2006, and an amended motion to dismiss for lack of a speedy trial on February 10, 2006. A hearing was held on March 10, 2006, to inquire into Seteren's motion to dismiss. In its April 18, 2006 order denying the motion, the district court made these findings:

I. On April 27, 2005, [Seteren] was arrested on charge through Sheridan Municipal Court;

II. On April 29, 2005, [he] was arraigned and released;

III. On May 25, 2005, the charge in Sheridan Municipal Court was dismissed;

IV. On June 9, 2005, the State filed the Information in this case against [him] and an arrest warrant was issued;

V. On June 10, 2005, said warrant was received by the Sheridan County Sheriff;

VI. On October 4, 2005, [Seteren] voluntarily appeared in Circuit Court on this Information;

VII. On October 6, 2005, [he] filed an Affidavit of Indigency and Order for Court Appointed Counsel;

VIII. On October 14, 2006, Public Defender enters her appearance in this case;

IX. On October 18, 2005, the preliminary hearing is held; probable cause is found and the case is bound over; and

X. On October 25, 2005, Information is filed with District Court.

THE COURT FURTHER FINDS that there were no continuances or delays in District Court that would violate W.R.Cr.P. Rule 48 or prejudice [Seteren].

THE COURT FURTHER FINDS, as to whether the time from [Seteren's] initial arrest is so unreasonable as to prejudice [his] rights to receive a fair trial, as follows:

I. From April 29, 2005, to October 4, 2005, [Seteren] was not in custody;

II. District Court assumed that [he] would want a speedy trial; the fact that [Seteren] did not file motion until February 8, 2006, does not prejudice [him];

III. Attorney for [Seteren] (public defender) acknowledged that the charge was pending prior to the initial appearance;

IV. [Seteren] voluntarily appeared on October 4, 2005, without being served arrest warrant;

V. The delay from May 25, 2005, to October 4, 2005, was neutral; and

VI. W.R.Cr.P. 48(B)(7) permits State to dismiss and refile matter.

[¶ 13] The district court reached the ultimate conclusion that the circumstances of this case did not violate Seteren's constitutional speedy trial rights.

[¶ 14] The factual circumstances of this case are not in significant dispute. We conclude that the district court's findings are not erroneous. As noted in the standard of review, we look at these constitutional questions de novo. We have applied the same facts to the same standards as did the district court, and we agree that Seteren's constitutional rights to a speedy trial were not violated. The delay was not extraordinary and, to a great extent, it appears Seteren acquiesced in the delay until he thought the speedy trial clock had run. The reason for the delay appears to be the trial court's crowded docket, combined with some inattention to speedy trial concerns. The defendant asserted his right to a speedy trial, but at the same time he expressed his need to work and to seek medical treatment during the time of the delay. The only apparent prejudice to Seteren is the time he spent in jail (for which he received full credit).

## CONCLUSION

[¶ 15] The district court did not err in sentencing Seteren as it did because he had been convicted of DUI four times in the previous five years. Seteren's constitutional rights to a speedy trial were not violated. The judgment and sentence of the district court are affirmed.