# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 128

OCTOBER TERM, A.D. 2016

December 28, 2016

ARMANDO RAMIREZ,

Appellant
(Defendant),

v.

S-16-0064

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellant:*
Office of the State Public Defender: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; and Eric M. Alden, Senior Assistant Appellate Counsel.

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne Martens, Senior Assistant Attorney General; and Samuel S. Voyles, Assistant Attorney General.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    Armando Ramirez entered a conditional guilty plea to a fourth offense felony DWUI charge.  Ramirez claims his latest DWUI does not qualify as his fourth offense in the last ten years, because although the offense occurred within ten years of his oldest relevant prior conviction, he did not plead guilty until after ten years had passed.  We will affirm.

## ISSUE

[¶2]    We rephrase the issue as follows:

> Whether the felony penalty under Wyo. Stat. Ann. § 31-5-233 requires three or more prior convictions within ten years of the conviction on the current charge?

## FACTS

[¶3]    On July 11, 2013, Armando Ramirez drove a vehicle involved in an accident in Cheyenne.  Five days later, he was charged with a felony DWUI, his fourth within 10 years according to the charging documents. Three prior convictions were listed in the criminal information: (1) A DWUI conviction dated April 6, 2005, for an offense occurring March 9, 2005; (2) a DWUI conviction dated October 24, 2005, for an offense occurring August 10, 2005; and (3) a DWUI conviction dated December 15, 2008, for an offense occurring August 30, 2008.

[¶4]    After several continuances, Ramirez filed a motion to dismiss in May of 2015.  He argued that a felony prosecution was improper because 10 years had passed since his conviction from April of 2005.  Therefore, he could not be prosecuted for having four DUI convictions in the last ten years.  Ramirez's motion was denied.

[¶5]    Ramirez entered a conditional guilty plea to felony DUI, and reserved the right to challenge the denial of his motions.  At sentencing on November 5, 2015, the court found Ramirez guilty of his fourth DWUI offense in a ten-year period and sentenced Ramirez to 2-4 years, suspended in favor of supervised probation.  This appeal followed.

## DISCUSSION

[¶6]    Ramirez argues on appeal that the district court erred in denying his motion to dismiss, and submits that his April 2005 conviction cannot be used as a prior offense because his present conditional guilty plea in July of 2015 did not occur within 10 years. He specifically contends that the statutory language at issue is unambiguous and that the ten-year look-back period applies from his fourth *conviction* date.

1

[¶7]   We apply a de novo standard of review to issues of statutory interpretation.  *DRW v. DLP (In re ARW)*, 2015 WY 25, ¶ 11, 343 P.3d 407, 410 (Wyo. 2015).  Also regarding statutory interpretation, we have said the following:

> The plain, ordinary, and usual meaning of words used in a statute controls in the absence of clear statutory provisions to the contrary.  *Id*. Where there is plain, unambiguous language used in a statute there is no room for construction, and a court may not look for and impose another meaning.  [*Crain v. State*, 2009 WY 128, ¶ 8, 218 P.3d 934, 938 (Wyo. 2009).] Where legislative intent is discernible a court should give effect to the "most likely, most reasonable, interpretation of the statute, given its design and purpose." *Rodriguez v. Casey*, 2002 WY 111, ¶ 20, 50 P.3d 323, 329 (Wyo. 2002).
>
> We have said that we will not add language or choose other words to change the meaning of a statute. *Stutzman v. Office of Wyoming State Eng'r*, 2006 WY 30, ¶¶ 14-16, 130 P.3d 470, 475 (Wyo. 2006). On the other hand, "it is one of the surest indexes of a mature and developed jurisprudence . . . to remember that the statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning." *Cabell v. Markham*, 148 F.2d 737, 739 (2d Cir. 1945), *judgment aff'd*, 326 U.S. 404, 66 S.Ct 193, 90 L.Ed. 165 (1945); 2A Norman J. Singer and J.D. Shambie Singer, *Sutherland on Statutory Construction* § 45:9 (7th ed. 2014). This Court will not interpret a statute in a way which renders any portion of it meaningless or in a manner producing absurd results. *Stutzman*, ¶ 16, 130 P.3d at 475.

*Adekale v. State*, 2015 WY 30, ¶¶ 12-13, 344 P.3d 761, 765-766 (Wyo. 2015).

[¶8]   The statute at issue here is Wyo. Stat. Ann. § 1-5-233(e), which explains the penalties for driving under the influence.  In 2010, the legislature amended the statute to its current state, and it reads as follows:

> On a fourth offense resulting in a conviction or subsequent conviction within ten (10) years for a violation of this section or other law prohibiting driving while under the influence, [the defendant] shall be guilty of a felony and fined not more

2

than ten thousand dollars ($10,000.00), punished by imprisonment for not more than seven (7) years, or both.

Wyo. Stat. Ann. § 31-5-233(e) (LexisNexis 2015).

[¶9]   Prior to 2010, the statute read this way:

> On a fourth or subsequent conviction within five (5) years for a violation of this section or other law prohibiting driving while under the influence, [the defendant] shall be guilty of a felony and fined not more than ten thousand dollars ($10,000), punished by imprisonment for not more than two (2) years, or both.

2010 Wyo. Sess. Laws. Ch. 5, sec. 1 at 8.

[¶10]  The amendment made two changes in the statutory language: first, the look-back period was increased from five to ten years; and second, the statute now includes the language "offense resulting in a conviction" to modify the noun "offense."  Ramirez questions whether the ten-year look-back period for a fourth DWUI offense in our statutory scheme looks back from the date of the fourth criminal *act* or from the fourth DWUI *conviction*.

[¶11] *Seteren v. State*, 2007 WY 144*,* 167 P.3d 20 (Wyo. 2007) predates the 2010 amendment.  There, the issue was similar to the issue in this case – "Whether the district court erred when it sentenced [Seteren] for a fourth DUI conviction when he was sentenced on June 15, 2006 and one of the convictions used for enhancement occurred on May 24, 2001."  *Seteren,* ¶ 2, 167 P.3d at 21.  In our analysis of the pre-2010 § 31-5-233(e), we deemed the statute unambiguous, and thus did not engage in any statutory construction.  *Id.* at ¶ 8, 167 P.3d 22.  However, we said the following:

> The language of the statute is clear and unambiguous, but the Legislature may wish to consider altering the focus of the statute. The purpose of the statute seems plain: Persons who drive under the influence four or more times in a five-year period are guilty of a felony, if each of those episodes results in a conviction. As the statute is written, the focus is not so much on the conduct as it is on the conviction for the conduct. As written, the statute requires the prosecutor to be attentive to whether or not the fourth conviction is achieved within five years; whereas if the language were more precise, the crime would be complete once a fourth conviction was achieved, so long as all four incidents of conduct occurred

within a five-year period.

*Seteren*, ¶ 8, 167 P.3d 22.

[¶12]   In response to our direct language in *Seteren*, the legislature amended the statute. And comparable to *Seteren*, we again find the language in the statute unambiguous.  We must give effect to the Wyoming legislature's intent as expressed in the language of the amended statute.   The Wyoming legislature chose to change the phrase "second conviction" to "second offense resulting in a conviction."  The legislature also changed the phrase "third conviction" to "third offense resulting in a conviction."  "Fourth or subsequent conviction" was changed to "fourth offense resulting in a conviction or subsequent conviction."  In effect, the legislature changed the measure of the statute from the date of the conviction to the actual conduct of driving drunk.

[¶13]   In Ramirez's argument, he submits that while the statute is unambiguous, the legislature intended to leave the time period as a modifier of the conviction, and not the offense.  We disagree.  Had that been the intent of the legislature, we must conclude that no amendment would have been necessary.  Ramirez's interpretation would equalize the events of the "offense" and "conviction," which are very different   Instead, the legislature saw fit to amend the prior statute to include the phrase "offense resulting in …".  We must give credence to the legislature's amendment.  This Court is not free to legislate. *In re Estate of Seader*, 2003 WY 119, ¶ 23, 76 P.3d 1236, 1244 (Wyo. 2003). Our conclusion is that the statute unambiguously provides that the look-back period for enhanced DWUI penalties is measured back in time, up to ten years, from the last ***offense***.

## CONCLUSION

[¶14]   Mr. Ramirez's conviction and sentence are affirmed in all respects.

4