GRAY, Justice.
[¶1] Appellant Willott Haynes Rhoads, IV, entered into a conditional plea agreement. He pled guilty to fourth offense felony driving while under the influence (DWUI) and reserved his right to challenge the district court's ruling that the lookback is to the date of conviction when determining whether a fourth DWUI occurred in a ten-year period. Wyo. Stat. Ann. § 31-5-233(e). The plea *1132 agreement resulted in his conviction under Wyo. Stat. Ann. § 31-5-233(b) and (e). We reverse.
ISSUE
[¶2] We restate the issue:
Did the district court err, as a matter of law, when it concluded the lookback for a fourth offense DWUI is to the date of the conviction and not to the date of the underlying offense?
FACTS
[¶3] On October 23, 2016, Laramie County Deputy Sheriff Mark Yocum stopped Mr. Rhoads for speeding. The deputy believed Mr. Rhoads was driving impaired, conducted field sobriety tests, and arrested Mr. Rhoads for DWUI. Mr. Rhoads had three prior relevant DWUI offenses:
DWUI #1:
Committed August 25, 2006
Convicted January 25, 2007
DWUI #2:
Committed April 27, 2008
Convicted July 30, 2008
DWUI #3:
Committed October 15, 2011
Convicted April 12, 2012
The State charged Mr. Rhoads with fourth offense felony DWUI within ten years, in violation of Wyo. Stat. Ann. § 31-5-233(b)(i) & (e) (LexisNexis 2015), and driving under a suspended license, in violation of Wyo. Stat. Ann. § 31-7-134(a) (LexisNexis 2015).
[¶4] Mr. Rhoads filed two pre-trial motions seeking to dismiss the felony DWUI charge. In the first motion, he argued his first DWUI occurred more than ten years prior to the fourth making the felony charge improper. ( Wyo. Stat. Ann. § 31-5-233(e) establishes that a fourth DWUI within a ten-year period is a felony.). In the second motion, he argued, if the lookback is to the date of the conviction, the statute violates constitutional equal protection rights. The district court denied both motions, finding the lookback period was to the date of the first conviction-not the underlying conduct-and that the statute was not unconstitutional.
[¶5] Following those rulings, the parties entered into a conditional plea agreement. Mr. Rhoads agreed to plead guilty to fourth offense felony DWUI, but reserved the right to appeal the district court's rulings on his pre-trial motions. The State agreed to dismiss the charge of driving while under suspension and to limit its sentencing recommendation to three to five years' incarceration. The district court accepted Mr. Rhoads' conditional plea. It sentenced Mr. Rhoads to four to six years of imprisonment, with credit for 203 days of presentence confinement. Mr. Rhoads timely filed this appeal.
DISCUSSION
Did the district court err, as a matter of law, when it concluded the lookback for a fourth offense DWUI is to the date of the conviction and not to the date of the underlying offense?
[¶6] The State charged Mr. Rhoads with felony DWUI in violation of Wyo. Stat. Ann. § 31-5-233(b) and (e). Wyo. Stat. Ann. § 31-5-233(b) prohibits driving a vehicle with a blood alcohol content of 0.08% or more. Wyo. Stat. Ann. § 31-5-233(e) establishes graduated penalties for each cumulative DWUI offense resulting in a conviction within a ten-year period: a first offense resulting in a conviction is a misdemeanor punishable by imprisonment of not more than six months; a second offense resulting in a conviction is a misdemeanor and subject to imprisonment of between seven days and six months; a third offense resulting in a conviction is a misdemeanor punishable by imprisonment of between thirty days and six months and; a fourth offense is a felony subject to imprisonment of up to seven years.
[¶7] The State based Mr. Rhoads' felony charge on his three prior convictions for DWUI within ten years of his most recent arrest. The significant dates are those of his first offense, his first conviction, and his fourth, most recent offense. The first offense occurred on August 25, 2006. Mr. Rhoads was convicted of that offense on January 25, 2007. His fourth offense occurred on October *1133 23, 2016. Supra ¶ 3. Mr. Rhoads' first offense did not occur within ten years of his fourth. His conviction for the first offense, however, did occur within ten years of his fourth offense.
[¶8] Both the State and Mr. Rhoads argue Wyo. Stat. Ann. § 31-5-233(e) is unambiguous. Mr. Rhoads asserts that the language "[o]n a fourth offense resulting in a conviction or subsequent conviction within ten (10) years for a violation of this section" establishes the lookback period to the first offense and not the first conviction. The State argues that the language requires looking back to the first conviction, not the offense.
[¶9] This Court applies a de novo standard of review to issues of statutory construction and interpretation. Ramirez v. State , 2016 WY 128, ¶ 7, 386 P.3d 348, 349 (Wyo. 2016). "In any question of statutory interpretation, our primary objective is to give effect to the legislature's intent." Cheyenne Newspapers, Inc. v. Bd. of Trustees of Laramie Cty. Sch. Dist. No. One , 2016 WY 113, ¶ 10, 384 P.3d 679, 682 (Wyo. 2016) (citing L & L Enters. v. Arellano (In re Arellano) , 2015 WY 21, ¶ 13, 344 P.3d 249, 252 (Wyo. 2015) ). We "first look to the plain language of the statute to determine the legislature's intent." In re Estate of Meyer , 2016 WY 6, ¶ 17, 367 P.3d 629, 634 (Wyo. 2016) (citing Wyo. Cmty. Coll. Comm'n v. Casper Cmty. Coll. Dist. , 2001 WY 86, ¶¶ 16-17, 31 P.3d 1242, 1249 (Wyo. 2001) ; Fontaine v. Bd. of Cty. Comm'rs , 4 P.3d 890, 894 (Wyo. 2000) ; State ex rel. Motor Vehicle Div. v. Holtz , 674 P.2d 732, 736 (Wyo. 1983) ). "[W]hether a statute is ambiguous is a matter of law to be determined by the court." Wyo. Cmty. Coll. Comm'n , ¶ 17, 31 P.3d at 1249. To determine whether the statute is ambiguous we examine the plain and ordinary meaning of the words used by the legislature. In re Estate of Meyer , ¶ 17, 367 P.3d at 634 (citing Wyo. Cmty. Coll. Comm'n , ¶¶ 16-17, 31 P.3d at 1249 ).
[¶10] Wyo. Stat. Ann. § 31-5-233(e) describes what constitutes a second and third offense DWUI, then uses different language to describe what constitutes a fourth offense:
On a second offense resulting in a conviction within ten (10) years after a conviction for a violation of this section ... [the defendant] shall be punished by imprisonment for not less than seven (7) days nor more than six (6) months ....
On a third offense resulting in a conviction within ten (10) years after a conviction for a violation of this section ... [the defendant] shall be punished by imprisonment for not less than thirty (30) days nor more than six (6) months ....
On a fourth offense resulting in a conviction or subsequent conviction within ten (10) years for a violation of this section ... [the defendant] shall be guilty of a felony.
Id. 31-5-233(e) (emphasis added).
[¶11] A statute is clear and unambiguous if its wording is such that reasonable persons can agree on its meaning with consistency and predictability. Parker Land & Cattle Co. v. Game & Fish Comm'n , 845 P.2d 1040, 1043 (Wyo. 1993). A statute is ambiguous if it is vague or uncertain and subject to varying interpretations. Id. The language triggering enhanced penalties, including the felony classification on a fourth offense, omits the "after a conviction" language found in the second and third offense descriptions that trigger misdemeanor enhancements. The words used to describe a fourth DWUI "offense resulting in a conviction or subsequent conviction within ten (10) years," can be read as an "offense," modified by "resulting in a conviction" further modified by "within ten (10) years." This reading would indicate the legislature intended the four offenses to have occurred within ten years. The lookback period would be measured to the date of the first offense, and not to the date of the first conviction. Conversely, an "offense resulting in a conviction or subsequent conviction within ten (10) years for a violation of this section" could be read to lookback to convictions within the ten-year period. The language in this statute can reasonably be interpreted in two conflicting ways making it ambiguous. Id.
[¶12] Once we determine statutory language is ambiguous, we apply "general principles of statutory construction" to the ambiguous language "to accurately reflect the intent of the legislature."
*1134 Powder River Basin Res. Council v. Wyoming Oil and Gas Conservation Comm'n , 2014 WY 37, ¶ 19, 320 P.3d 222, 229 (Wyo. 2014). "We read the statutes together, and construe statutes relating to the same subject in harmony." In re Estate of Meyer , ¶ 21, 367 P.3d at 636 (citing Wyo. Cmty. Coll. Comm'n , ¶¶ 16-17, 31 P.3d at 1249 ). Further,
[i]n ascertaining the legislative intent in enacting a statute ... the court ... must look to the mischief the act was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conditions of the law and all other prior and contemporaneous facts and circumstances that would enable the court intelligently to determine the intention of the lawmaking body.
In re Estate of Meyer , ¶ 21, 367 P.3d at 636 (citing Parker Land & Cattle Co. , 845 P.2d at 1044 ; 2A Norman J. Singer & J.D. Shambie Singer, Sutherland on Statutes and Statutory Construction § 45:5 at 35 (7th ed. 2007) ).
[¶13] We review statutes in pari materia with other statutes relating to the same subject. Luhm v. Bd. of Trustees of Hot Springs Cty. Sch. Dist. No. 1 , 2009 WY 63, ¶¶ 8-10, 206 P.3d 1290, 1294-95 (Wyo. 2009). It is a long-standing tenet of statutory construction in Wyoming that we will not add language in the guise of statutory interpretation. See Int'l Ass'n of Fire Fighters Local Union No. 5058 v. Gillette/Wright/Campbell Cty. Fire Prot. Joint Powers Bd. , 2018 WY 75, ¶ 33, 421 P.3d 1059, 1067 (Wyo. 2018) (citing Wyodak Res. Dev. Corp. v. Wyo. Dep't of Revenue , 2017 WY 6, ¶ 31, 387 P.3d 725, 733 (Wyo. 2017) ; MF v. State , 2013 WY 104, ¶ 11, 308 P.3d 854, 858 (Wyo. 2013) ; In re Adoption of Voss , 550 P.2d 481, 485 (Wyo. 1976) ). "This Court is not at liberty to add words to a statute that the legislature chose to omit." Wyodak Res. Dev. Corp. , ¶ 31, 387 P.3d at 733 ; see also MF , ¶ 11, 308 P.3d at 858 ("[W]e will not supply missing terms."). "The omission of words from a statute must be considered intentional on the part of the legislature. Words may not be supplied in a statute where the statute is intelligible without the addition of the alleged omission." Int'l Ass'n of Fire Fighters Local Union No. 5058 , ¶ 33, 421 P.3d at 1067 (quoting In re Adoption of Voss , 550 P.2d at 485 (internal citation omitted) ).
[¶14] The legislature omitted the words "after a conviction" from the fourth offense DWUI provisions that result in felony enhancement. We consider that choice to have been intentional. Had the legislature intended the lookback period to be the same for both misdemeanor and felony enhancements, it could have added the "after a conviction" language to the fourth offense felony conditions. It did not. Accordingly, we conclude that the legislature deliberately omitted the language and, by doing this, it intended to make a distinction between the lookback periods to be used for misdemeanor second and third offenses and the lookback period for felony fourth offenses.
[¶15] This interpretation is supported by the legislative history of Wyo. Stat. Ann. § 31-5-233(e). The previous version of the Wyo. Stat. Ann. § 31-5-233(e) felony enhancement provided: "On a fourth or subsequent conviction within five (5) years for a violation of this section or other law prohibiting driving while under the influence, [the defendant] shall be guilty of a felony ...." Id. § 31-5-233(e) (LexisNexis 2003) (emphasis added). In Seteren v. State , 2007 WY 144, ¶ 6, 167 P.3d 20, 22 (Wyo. 2007), the defendant challenged the application of this provision to his four DWUIs where his convictions occurred more than five years apart, but his conduct fell within a five-year time frame. We recognized that the "purpose of the statute seems plain: Persons who drive under the influence four or more times in a five-year period are guilty of a felony, if each of those episodes results in a conviction." Id. ¶ 8, 167 P.3d at 22. Nevertheless, we held that the language was clear and unambiguous and "[a]s the statute is written, the focus is not so much on the conduct as it is on the conviction for the conduct. As written, the statute requires the prosecutor to be attentive to whether or not the fourth conviction is achieved within five years ...." Id.
[¶16] After our decision in Seteren , the legislature amended the statute to the current version. "The amendment made two changes in the statutory language: first, the [lookback] period was increased from five to *1135 ten years; and second, the statute now includes the language '... resulting in a conviction' to modify the noun 'offense.' " Ramirez , ¶ 10, 386 P.3d at 349. In Ramirez , the defendant argued that the lookback period for a fourth DWUI looks back from the fourth criminal conviction and not the fourth criminal act. Id. ¶ 6, 386 P.3d at 349. We held that the amended statute was a "response to our direct language in Seteren " and that it unambiguously "provides that the [lookback] period for enhanced DWUI penalties is measured back in time ... from the last offense [and not the conviction]." Ramirez , ¶¶ 12-13, 386 P.3d at 350 (emphasis in original).
[¶17] The legislature chose to change the word "conviction" to the phrase "offense resulting in a conviction" in each enhanced penalty provision - the second, third, and fourth. This language defines the event that triggers the lookback. However, in describing the event we look back to, the legislature did not use the same language in each of the three provisions. As explained in the preceding paragraphs, for the second and third offense, the statute directs the court to lookback from the "offense resulting in a conviction" to "a conviction for a violation of this section." Wyo. Stat. Ann. § 31-5-233(e) (emphasis added); supra ¶ 10. The statute for the fourth offense omits this direction: "[o]n a fourth offense resulting in a conviction or subsequent conviction within ten (10) years for a violation of this section ..." the defendant is guilty of a felony. The State urges us to read the felony enhancement provision as if it contained the language used in the second and third enhancement provisions. We decline to do so.
[¶18] The legislative history, when examined in context with prior cases interpreting the statute, indicates that the legislature intended the focus be on the offense, and not the conviction. The language for the misdemeanor enhancements is clear, we look back to convictions. The felony enhancement language is not the same. We find this is intentional. The felony enhancement lookback is to the offense and not the conviction.[1]
CONCLUSION
[¶19] The fourth offense felony DWUI looks back to the conduct not convictions in determining if four DWUIs have occurred within the ten-year lookback period. Mr. Rhoads did not have four DWUIs within the ten-year lookback period. We reverse and remand for further proceedings consistent with this decision and W.R.Cr.P. 11(a)(2).

We conclude that the lookback is to the offense and, consequently, we do not reach the constitutional arguments raised by Mr. Rhoads.