# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 43

**OCTOBER TERM, A.D. 2020**

**March 22, 2021**

ROY DAVID STANGER,

Appellant
(Defendant),

v.

S-20-0167

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable Michael N. Deegan, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Timothy P. Zintak, Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Roy David Stanger was charged with possession of methamphetamine, a fourth offense felony based on three prior possession convictions—two in Missouri and one in Sheridan County, Wyoming.  Mr. Stanger later entered into a conditional plea agreement reserving his argument that his prior Missouri convictions did not subject him to enhanced penalties because they were not violations of a "similar law" under the Wyoming statute.  This appeal followed.  We remand.

## *ISSUE*

[¶2]    Mr. Stanger raises one issue on appeal: Did the district court err when it used his prior Missouri convictions as a basis for an enhanced sentence under Wyo. Stat. Ann. § 35-7-1031(c)(i)?   Because we cannot determine from the record which statutes or ordinances underlie Mr. Stanger's prior convictions, we do not reach his issue.

## *FACTS*

[¶3]    The State charged Mr. Stanger with methamphetamine possession, a felony as a third or subsequent offense under Wyo. Stat. Ann. § 35-7-1031(c)(i)(C).  A supplemental affidavit attached to the felony information documented three prior convictions for "misdemeanor possession of a controlled substance" based on a National Crime Information Center (NCIC) report: two from O'Fallon, Missouri, and one from Sheridan County, Wyoming.[1]  The affidavit listed the dates of Mr. Stanger's convictions and case numbers, but did not include citations to the statute or code corresponding to those convictions.  The State did not attach the NCIC report or certified copies of Mr. Stanger's prior convictions to the supplemental affidavit.

[¶4]    Mr. Stanger filed a motion arguing his Missouri convictions did not qualify as "convictions for violations of similar laws in other jurisdictions" under the Wyoming felony enhancement statute.[2]  He argued Mo. Ann. Stat. § 195.202 (1989), the Missouri

---

[1] The affidavit incorrectly states Mr. Stanger's convictions occurred in "O'Fallon County, MO."  Later, the State introduced evidence documenting his convictions occurred in the city of O'Fallon, Missouri.

[2] Wyo. Stat. Ann. § 35-7-1031(c)(i) provides in relevant part:

> (c)  It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. . . . Any person who violates this subsection:
>> (i)  And has in his possession a controlled substance in the amount set forth in this paragraph is guilty of a misdemeanor punishable by imprisonment for not more than twelve (12) months, a fine of not more than one thousand dollars

1

statute prohibiting possession of controlled substances in effect at the time of his Missouri convictions, did not contain a sentencing enhancement provision and was therefore dissimilar to Wyo. Stat. Ann. § 35-7-1031(c)(i).[3] The State did not file a response, but argued at the motion hearing that the Missouri statute was similar to Wyo. Stat. Ann. § 35-7-1031(c)(i) and qualified as a basis for sentence enhancement because the elements of the underlying crimes were comparable. The district court agreed with the State and denied Mr. Stanger's motion.

[¶5] Mr. Stanger later entered into a conditional guilty plea agreement reserving the right to appeal his conviction based on his argument that Mo. Ann. Stat. § 195.202 (1989) was not a "similar law" for purposes of sentence enhancement. Mr. Stanger's Notice of Intent to Enter Conditional Plea stated

> that the issue of whether Mo. [Ann.] Stat. § 195.202 (1989) is similar for purposes of enhancement pursuant to W.S. § 35-7-1031(c)(i) is a dispositive issue insofar as if the Defendant's prior Missouri convictions cannot be used to enhance the instant possession offense to a felony, then the Defendant is improperly charged with a felony offense, and a conviction of such a felony offense cannot stand[.]

The State verified and consented to the conditional plea as stated in Mr. Stanger's Notice of Intent.

[¶6] At the change of plea hearing, the State introduced a "defendant history report" obtained through the O'Fallon, Missouri, Municipal Court (the O'Fallon report). The O'Fallon report listed three "possession [of] marijuana/synthetic" convictions—one

---

($1,000.00), or both. ***Any person convicted for a third or subsequent offense under this paragraph, including convictions for violations of similar laws in other jurisdictions, shall be imprisoned for a term not more than five (5) years, fined not more than five thousand dollars ($5,000.00), or both.***

Wyo. Stat. Ann. § 35-7-1031(c)(i) (LexisNexis 2019) (emphasis added).

[3] Mo. Ann. Stat. § 195.202 (1989) reads as follows:

> 1. Except as authorized by sections 195.005 to 195.425, it is unlawful for any person to possess or have under his control a controlled substance.
> 2. Any person who violates this section with respect to any controlled substance except thirty-five grams or less of marijuana is guilty of a class C felony.
> 3. Any person who violates this section with respect to not more than thirty-five grams of marijuana is guilty of a class A misdemeanor.

Mo. Ann. Stat. § 195.202 (West 1989).

entered in 2005, one entered in 2006, and one entered in 2007.[4]  The report did not contain citations to the code or statute corresponding to the convictions.  Despite the introduction of the O'Fallon report, neither Mr. Stanger nor the State raised a possible disparity in the source of Mr. Stanger's Missouri convictions—that the convictions might arise from a violation of municipal code rather than the previously argued state statute.  The district court accepted Mr. Stanger's plea and later sentenced him in accordance with the plea agreement.  This appeal followed.

## *STANDARD OF REVIEW*

[¶7]    We would normally apply a de novo standard of review to the question of whether the Missouri possession statute is a "similar law" to Wyo. Stat. Ann. § 35-7-1031(c)(i).  *Spreeman v. State*, 2012 WY 88, ¶ 6, 278 P.3d 1159, 1161 (Wyo. 2012); *Ramirez v. State*, 2016 WY 128, ¶ 7, 386 P.3d 348, 349 (Wyo. 2016) ("We apply a de novo standard of review to issues of statutory interpretation.").  However, here, we do not reach the statutory interpretation question.  We examine the circumstances of this case in light of our caselaw recognizing that a plea agreement is a contract between the State and the defendant to which we apply general principles of contract law.  *Mendoza v. State*, 2016 WY 31, ¶ 26, 368 P.3d 886, 895 (Wyo. 2016) (quoting *Deeds v. State*, 2014 WY 124, ¶ 14, 335 P.3d 473, 478 (Wyo. 2014)).

## *DISCUSSION*

[¶8]    On appeal, Mr. Stanger renews his argument that his Wyoming conviction was improperly enhanced because Mo. Ann. Stat. § 195.202 is not a "similar law" contemplated under Wyo. Stat. Ann. § 35-7-1031(c)(i).  In response, the State raises a new argument.  It contends Mr. Stanger was not convicted under Mo. Ann. Stat. § 195.202 but was convicted of a municipal ordinance violation.  The State maintains because Mr. Stanger's argument is incorrectly premised on the state-level statute, we should decline to consider his appeal.

[¶9]    The uncertainty regarding the statutory foundation for the charges raises questions about the validity of the plea agreement.  In *Holcomb v. State*, the defendant entered a conditional guilty plea in exchange for the State's promise it would recommend deferred prosecution to the sentencing court.  *Holcomb v. State*, 2007 WY 131, 165 P.3d 105 (Wyo. 2007).  In a prior Colorado case, however, the defendant had received a "deferred judgment," rendering him ineligible for deferred prosecution in Wyoming.  *Id.* ¶ 5, 165

---

[4] At the change of plea hearing, the district court noted discrepancies between the convictions listed in the NCIC report—which documented only two possession convictions—and the O'Fallon report.  Mr. Stanger conceded he had been convicted of "at least two" prior convictions for possession of marijuana in O'Fallon, occurring in 2005 and 2006.

3

P.3d at 109. In recognition of a plea agreement as a contract, the Court applied the doctrine of mutual mistake to the plea agreement, finding the parties' mistake as to defendant's eligibility for deferred prosecution caused a "collapse of the plea agreement." *Id.* ¶ 11, 165 P.3d at 110–11.

> [T]here was an agreement that, in exchange for the appellant's guilty plea, the district court would consider deferred prosecution. That did not happen—the district court never considered deferred prosecution because it was prevented from doing so by a mutual mistake of the parties: neither the State nor the appellant knew that the appellant was ineligible for deferred prosecution.

*Id.* (emphasis removed). "[T]he fact that the agreement was impossible to perform" required that the defendant be allowed to withdraw his plea. *Id.* ¶¶ 11, 15, 165 P.3d at 110–11; *see also United States v. Chica-Orellana*, 768 F. App'x 834, 837 (10th Cir. 2019) (setting forth a three-part test for rescission of a plea agreement based on mutual mistake).

[¶10] Here, we cannot determine from the record whether the parties based their plea agreement on accurate information, or if the parties were mutually mistaken as to the statute or ordinance upon which Mr. Stanger's prior convictions were based. If the prior convictions were based on municipal ordinances, as espoused by the State, the plea agreement is impossible to perform because Mr. Stanger's guilty plea is premised on his right to argue against enhancement arising from convictions under the Missouri statutes, not the O'Fallon municipal code. Whether a violation of the municipal ordinance could qualify to enhance Mr. Stanger's conviction is a question of statutory interpretation that was never presented to the district court.

[¶11] If Mr. Stanger's convictions were premised on a violation of municipal code and not the Missouri statutes, then both parties were mistaken as to the basis for the felony enhancement. Mr. Stanger predicated his conditional plea on the right to appeal the question of whether he had been previously convicted of a similar law—the basis for enhancement of his misdemeanor possession charge to a felony. A mutual mistake as to the proper basis for enhancement would preclude performance of the plea agreement and render it invalid, as in *Holcomb*. The state of the record prevents resolution of this issue. For these reasons, we cannot reach Mr. Stanger's issue on appeal. We remand to the district court for further proceedings consistent with this opinion.

4