# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 8

OCTOBER TERM, A.D. 2025

January 15, 2026

RUSSELL LEE LYNCH,

Appellant
(Defendant),

v.                                                                  S-25-0140

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
*The Honorable Misha E. Westby, Judge*

*Representing Appellant:*
> Amber Renee B. Ferguson, Pence and MacMillan LLC, Laramie, Wyoming. Argument by Ms. Ferguson.

*Representing Appellee:*
> Keith G. Kautz, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Kellsie J. Singleton, Senior Assistant Attorney General. Argument by Ms. Singleton.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, and JAROSH, JJ., and EAMES, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Russell Lee Lynch filed a petition under Wyo. Stat. Ann. § 7-13-1502 for expungement of his records in a case that was dismissed after his guilty plea to a felony charge was withdrawn.  The district court denied his petition and Mr. Lynch appeals.  Wyo. Stat. Ann. § 7-13-1502 provides for expungement of felony convictions.  Because Mr. Lynch's matter was dismissed, he has no felony conviction and is therefore ineligible for expungement.  We affirm.

## ISSUE

[¶2]    Are deferred prosecutions subject to expungement under Wyo. Stat. Ann. § 7-13-1502?

## FACTS

[¶3]    In 1979, Mr. Lynch and his brother took a truck in Laramie and drove it to Casper. Mr. Lynch pled guilty to felony Unauthorized Use of Automobile.  The district court sentenced him, suspended the sentence, and placed him on probation.  The district court ordered that upon successful completion of his first year of probation, Mr. Lynch "shall be entitled to be discharged from this Order of Probation, and have his plea of guilty heretofore entered herein withdrawn and this matter dismissed."  After successfully completing probation, Mr. Lynch filed a petition for discharge and the district court discharged him from probation, allowed him to withdraw his guilty plea, and dismissed the matter.  Mr. Lynch's record with the Wyoming Division of Criminal Investigation (DCI) indicates he "is a convicted felon" and states his "Disposition" as "CONVICTED."  This record is not correct—his guilty plea was withdrawn, and the matter was dismissed.

[¶4]    In 2025, Mr. Lynch filed a petition for expungement of his records in his felony criminal case pursuant to Wyo. Stat. Ann. § 7-13-1502.  The State did not object to the expungement.  The district court denied Mr. Lynch's petition, concluding:

> This process of pleading guilty and being permitted to withdraw the guilty plea and have the case dismissed upon completion of a period of probation is the exact process of a deferral under Wyoming Statute § 7-13-301.  Under § 7-13-301(d), "[d]ischarge and dismissal under this section shall be without adjudication of guilt and is not a conviction for any purpose."  Accordingly, there is no felony conviction for this Court to expunge . . . .

Mr. Lynch filed a motion to reconsider, which the district court also denied.  Mr. Lynch timely appeals.

1

[¶5]    This Court applies a de novo standard of review to issues of statutory interpretation. *Matter of Birkholz*, 2019 WY 19, ¶ 13, 434 P.3d 1102, 1105 (Wyo. 2019) (citing *Ramirez v. State*, 2016 WY 128, ¶ 7, 386 P.3d 348, 349 (Wyo. 2016)).  "[O]ur primary objective is to give effect to the legislature's intent." *Id.* (quoting *Cheyenne Newspapers, Inc. v. Bd. of Trs. of Laramie Cnty. Sch. Dist. No. One*, 2016 WY 113, ¶ 10, 384 P.3d 679, 682 (Wyo. 2016)).  We first determine whether "the statute in question is clear and unambiguous or ambiguous or subject to varying interpretations.  Clear and unambiguous language is wording reasonable persons would agree as to its meaning.  When a statute is clear and unambiguous, the statute's plain language is given effect." *Sinclair Wyo. Ref. Co. v. Infrassure, Ltd.*, 2021 WY 65, ¶ 12, 486 P.3d 990, 994 (Wyo. 2021) (citations and quotation marks omitted).  "A statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." *Roman v. State*, 2022 WY 48, ¶ 15, 507 P.3d 453, 457 (Wyo. 2022) (quoting *Rosen v. State*, 2022 WY 16, ¶ 9, 503 P.3d 41, 44 (Wyo. 2022)).  If a statute is ambiguous, we proceed to the next step—we apply "general principles of statutory construction to the language of the statute in order to construe [the] language to accurately reflect the intent of the legislature." *Bohling v. State*, 2017 WY 7, ¶ 18, 388 P.3d 502, 506 (Wyo. 2017) (citing *Powder River Basin Res. Council v. Wyo. Oil & Gas Conservation Comm'n*, 2014 WY 37, ¶ 19, 320 P.3d 222, 228 (Wyo. 2014)).

*DISCUSSION*

[¶6]    Wyo. Stat. Ann. § 7-13-1502 governs expungement of felony conviction records.  Mr. Lynch argues Wyo. Stat. Ann. § 7-13-1502 is ambiguous.  He contends when Wyo. Stat. Ann. § 7-13-1502 is read together with other expungement statutes and deferral statutes, it allows expungement of records in cases of conviction where there have been deferral dispositions.

**A.     The Expungement Statute**

[¶7]    Wyoming's felony expungement statute provides:

> (a)     A person **convicted** of a felony or felonies subject to expungement under this section arising out of the same occurrence or related course of events, **may petition the convicting court for an expungement of the records of conviction**, subject to the following limitations:
>
> (i)     At least ten (10) years have passed since:

2

(A)     The expiration of the terms of sentence imposed by the court, including any periods of probation;

(B)     The completion of any program ordered by the court; and

(C)     Any restitution ordered by the court has been paid in full.

.     .     .

(g)     If the court finds that the petitioner is eligible for relief under this section and that the petitioner does not represent a substantial danger to himself, any identifiable victim or society, it shall issue an order granting expungement of the applicable records.  The court shall also place the court files under seal, available for inspection only by order of that court.  The court shall transmit a certified copy of the order to the division of criminal investigation.

Wyo. Stat. Ann. § 7-13-1502(a)(i), (g) (LexisNexis 2025) (emphasis added).  This language is unambiguous. Wyo. Stat. Ann. § 7-13-1502(a) entitles a "person convicted of a felony" to petition the "convicting court" for "expungement of the records of conviction[.]"  A conviction is "the act or process of finding a person guilty of a crime especially in a court of law[;] *also*: the final judgment entered against a defendant after a finding of guilt." *Conviction*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/conviction (last visited Jan. 13, 2026); *see also Conviction*, Black's Law Dictionary (12th ed. 2024) ("[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty").  Likewise, "to convict" is "to find or prove to be guilty," *Convict*, Merriam-Webster *supra*; *see also Convict*, Black's Law *supra* ("[t]o prove or officially announce (a criminal defendant) to be guilty of a crime after proceedings in a law court; specif., to find (a person) guilty of a criminal offense upon a criminal trial, a plea of guilty, or a plea of nolo contendere"); and "a convict" is "a person convicted of and under sentence for a crime." *Convict*, Merriam-Webster *supra*; *see also Convict*, Black's Law *supra* ("Someone who has been found guilty of a crime and is serving a sentence of confinement for that crime; a prison inmate.").  According to the plain and ordinary meaning of Wyo. Stat. Ann. § 7-13-1502(a), a person who has been convicted of a felony may petition the court that entered the final judgment against him for expungement of the records of conviction.

3

## B.    The Deferral Statutes

[¶8]    We turn to the deferral statutes to determine whether a deferral is considered a conviction—that is, whether a deferral qualifies as a finding that a person is guilty of a crime or as a judgment entered on such a finding.  Former § 7-13-203 (1977) (referred to here as the "old 203"), the deferral statute in effect at the time Mr. Lynch was sentenced, provided:

> If any person is found guilty of or pleads guilty to any felony . . . the court may in its discretion, by an order entered of record, delay passing sentence and then parole the person and permit him to go at large upon his own recognizance . . . . The court, if satisfied . . . may . . . continue parole for the period of five (5) years, at the expiration of which the court shall enter an order finally discharging the person, and no further proceedings shall be had upon such verdict or plea.  At any time after the expiration of one (1) year from the date of the original parole the **court shall have the power in its discretion to terminate parole and finally discharge the person and annul the verdict or plea of guilty**.[1]

Wyo. Stat. Ann. § 7-13-203 (1977) (emphasis added).  The current deferral statute, Wyo. Stat. Ann. § 7-13-301(d) (referred to here as the "new 301") provides, **"Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for any purpose."**  Wyo. Stat. Ann. § 7-13-301(d) (LexisNexis 2025) (emphasis added).

[¶9]    Mr. Lynch argues the old 203 is ambiguous.  He contends that because the old 203 lacked specific language regarding whether the disposition should be treated as a conviction and the new 301 contains language stating that deferrals are not convictions, the old 203 is ambiguous and deferrals pursuant to it should be considered convictions subject to expungement.

[¶10]  In *Billis v. State*, we considered this language and interpreted the new 301 as clarifying the old 203:

> **Old 203's feature that the court shall enter an order discharging the defendant and annulling the verdict or plea of guilty was retained, with slight modification in [the] "new 301" which, instead of using "annulling," made it**

---

[1] In *Sorenson v. State*, 604 P.2d 1031, 1037–38 (Wyo. 1979), we clarified that "parole" as used in the old 203 referred to "probation."

4

**clear that such discharge and dismissal shall be without adjudication of guilt and is not a conviction for any purpose.** By clarifying this last feature, the legislature again showed its recognition that this deferral-probation scheme was taking place in the prosecutorial phase, not the adjudicatory-sentence phase, of a criminal prosecution.

*Billis v. State*, 800 P.2d 401, 412 (Wyo. 1990) (emphasis added). We explained the "Old 203's feature" allowing the district court to "annul" the verdict or guilty plea was "**retained**" in the new 301. *Id.* (emphasis added). We do not find the old 203 language ambiguous. The legislative decision clarifying the language does not, standing on its own, mean that the original language was vague, uncertain, or subject to multiple interpretations.

[¶11] The old 203 grants the court the power to "annul the verdict or plea of guilty." Wyo. Stat. Ann. § 7-13-203 (1977). "Annul" means "to declare or make legally invalid or void" or "to reduce to nothing: OBLITERATE." *Annul*, Merriam-Webster *supra*; *see also Annulment*, Black's Law *supra* ("The act of nullifying or making void; VOIDANCE."). A deferral under the old 203, resulting in the annulment of the verdict or guilty plea, achieves the same result as a deferral under the new 301—discharge and dismissal without adjudication of guilt. In both instances, the original verdict or guilty plea is effectively obliterated, leaving the individual with no conviction.

[¶12] In Mr. Lynch's case, after he successfully completed probation, his felony guilty plea was "withdrawn," and his case was "dismissed." Under the old 203, Mr. Lynch's guilty plea was annulled—meaning, it was voided and no conviction remained. The district court correctly concluded Mr. Lynch has no felony conviction upon which an expungement could operate.

**C.      Wyo. Stat. Ann. §§ 7-13-1401 and 7-13-1501 Do Not Alter Our Interpretation of the Felony Expungement Statute, Wyo. Stat. Ann. § 7-13-1502(a)**

[¶13] Mr. Lynch contends that Wyoming's other expungement statutes, Wyo. Stat. Ann. §§ 7-13-1401 and 7-13-1501, when read in pari materia with the old 203 and Wyo. Stat. Ann. § 7-13-1502(a), mandate a conclusion that deferrals made under the old 203 are subject to expungement.

[¶14] Wyo. Stat. Ann. § 7-13-1401 governs expungement of juvenile arrest records, charges, and dispositions. It explicitly excludes deferrals under the old 203 and the new 301:

> (a)      A person, or the state with regard to a petition for the expungement of records pertaining to a juvenile, may petition the court in which a proceeding occurred, or would have

5

occurred, for an order **expunging records of arrest, charges or dispositions which may have been made in the case, subject to the following limitations:**

(i) At least one hundred eighty (180) days have passed since the arrest, or from the date the charge or charges were dismissed for which expungement is sought, there are no formal charges pending against the person when the petition is filed, **there were no dispositions pursuant to W.S. 7-13-301 to any charge or charges as the result of the incident leading to the arrest**, including dispositions to a different or lesser charge, there were no dispositions pursuant to W.S. 35-7-1037 to any charge or charges as the result of the incident leading to the arrest, including dispositions to a different or lesser charge, **there were no dispositions pursuant to former W.S. 7-13-203 to any charge or charges as the result of the incident** leading to the arrest, including dispositions to a different or lesser charge, the petitioner sufficiently demonstrates that his petition satisfies all the requirements of this section, and at least one (1) of the following applies:

(A) There were no convictions pursuant to any charge or charges, including a conviction pursuant to a different or lesser charge as the result of the incident leading to the arrest;

(B) No criminal charges of any nature were filed in any court as the result of the incident leading to the arrest; or

(C) All criminal proceedings against the person were dismissed by the prosecutor or the court, and such proceedings were the result of the incident which led to the arrest.

Wyo. Stat. Ann. § 7-13-1401(a) (LexisNexis 2025) (emphasis added).

[¶15] Mr. Lynch argues that, by expressly excluding deferrals in § 7-13-1401(a)(i) while remaining silent on them in § 7-13-1502, the legislature manifested its intent that deferrals are subject to expungement in the latter provision. We are not persuaded and point to the more straightforward explanation for the difference in the statutes—the legislature did not

6

need to exclude deferrals from § 7-13-1502 because that statute only allows the expungement of "convictions." As we explained, *supra*, a deferral is not a conviction.[2]

[¶16] Finally, Mr. Lynch points to Wyo. Stat. Ann. § 7-13-1501, which pertains to misdemeanor deferrals. Section 7-13-1501(a) states, a "person **who has pled guilty or nolo contendere to** or [has] been convicted of a misdemeanor may petition the convicting court for **an expungement of the records of conviction**, subject to the [statutory] limitations." Wyo. Stat. Ann. § 7-13-1501(a) (emphasis added). He asserts that § 7-13-1501 permits a person who has pled guilty to a misdemeanor as part of a deferred prosecution to have the record expunged, and § 7-13-1502 should be interpreted consistently to allow expungement in the case of a felony deferral. We disagree. While the misdemeanor deferral statute may permit a "person who has pled guilty or nolo contendere" to a misdemeanor to petition for expungement, like § 7-13-1502, it clearly only authorizes "**expungement of the records of conviction**."[3] Both §§ 7-13-1501 and 7-13-1502 limit relief to the expungement of records of convictions, and as a result, neither has any need to exclude deferrals.

## D. Public Policy

[¶17] Mr. Lynch advances a vigorous public policy critique, contending that the exclusion of successfully completed felony deferrals from expungement eligibility undermines the rehabilitative purpose of deferral programs and results in anomalous, inequitable treatment. He highlights that, under the current statutory scheme, certain individuals who are convicted of felonies may later become eligible for expungement, whereas those who successfully complete a felony deferral program—thereby avoiding a conviction altogether—are permanently barred from such relief. As Mr. Lynch observes, had he received a judicial finding of guilt or failed to comply with the terms of his deferral, he would paradoxically be eligible to petition for expungement. On the other hand, the State points out the legislature may have had a logical explanation for not allowing expungement of felony deferrals—a person is allowed only one deferral, Wyo. Stat. Ann. § 7-13-301, and if the deferred prosecution was expunged from the criminal record, the unavailability of the file evidencing the deferral would make it possible a person could obtain more than one deferral. We do not consider these arguments because it is not the role of this Court to substitute its own policy judgment for that of the legislature. *Bankers Standard Ins. Co. v. JTEC, Inc.*, 2025 WY 51, ¶ 20, 567 P.3d 1183, 1189 (Wyo. 2025); *Barlow Ranch, Ltd.*

---

[2] Mr. Lynch also argues it is significant that § 7-13-1401 does not refer to deferrals as "dismissals," but instead refers to them as "dispositions." He suggests that "dispositions" can be expunged under § 7-13-1502, so deferred prosecutions should be classified as "dispositions" and should be subject to expungement under that statute as well. This argument is unavailing—§ 7-13-1502 does not refer to either "dispositions" or "dismissals."

[3] Our interpretation of § 7-13-1501 is limited to its clear language—that the statute authorizes expungement of records of conviction—and we express no view on its broader scope. Any further construction of § 7-13-1501 would not affect the outcome of this case and is not properly before us.

*P'ship v. Greencore Pipeline Co. LLC*, 2013 WY 34, ¶ 49, 301 P.3d 75, 91 (Wyo. 2013). In any event, the policy arguments do not alter the unambiguous language of § 7-13-1502, which plainly limits the availability of expungement to those who have been convicted of a felony, thereby excluding those who have successfully completed a felony deferral program because there is no conviction.

## *CONCLUSION*

[¶18]  To be eligible for expungement under § 7-13-1502, a person must have a felony conviction.  Mr. Lynch does not have a conviction and does not qualify for expungement. Notwithstanding this conclusion, it is undisputed that Mr. Lynch was never convicted of the felony.  His record should be corrected to accurately reflect the deferred sentencing disposition and the ultimate dismissal of the charge.  We affirm.