**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLES WILLIAM COOPER,

Defendant-Appellant.

No. 10-5022
(D.C. No. 4:09-CR-00021-GKF-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the appeal waiver contained in defendant Charles William Cooper's plea agreement. Mr. Cooper pleaded guilty to use of a minor to engage in sexually explicit conduct for production of visual depiction, in violation of 18 U.S.C. § 2251(a), and knowingly receiving child pornography, in violation of

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

18 U.S.C. § 2252(a)(2).  Pursuant to the plea agreement, Mr. Cooper waived his right to appeal his conviction or his sentence, reserving only "the right to appeal from a sentence which exceeds 327 months."  Mot. to Enforce, attached Plea Agreement at 3.  The district court sentenced him to 327 months' imprisonment for each conviction, to be served concurrently.

Notwithstanding his appeal waiver, Mr. Cooper has filed a notice of appeal seeking to challenge his sentence.  The government has filed this motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  We grant the government's motion and dismiss the appeal.

In *Hahn*, we held that "in reviewing appeals brought after a defendant has entered into an appeal waiver," this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.  A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotations omitted).

Mr. Cooper does not contend that his appeal is outside the scope of his appeal waiver or that he did not knowingly and voluntarily waive his appellate rights. He does, however, raise two miscarriage-of-justice challenges, one directed at the "statutory maximum" prong and one directed at the "otherwise unlawful" prong.

*Statutory Maximum*. Mr. Cooper first argues that enforcement of his appellate waiver would result in a miscarriage of justice because the district court imposed a sentence in excess of the statutory maximum applicable to his § 2252(a)(2) conviction. Under 18 U.S.C. § 2252(b)(1), which sets the available penalty for the § 2252(a)(2) conviction, the sentence varies depending on whether the defendant has a specific type of prior federal or state conviction (generally involving the sexual abuse of minors). If the defendant does not have a qualifying prior conviction, the defendant shall be "imprisoned not less than 5 years and not more than 20 years," but if the defendant does have a qualifying prior conviction, he shall be "imprisoned for not less than 15 years nor more than 40 years." *Id*. § 2252(b)(1). The district court ruled that Mr. Cooper's prior state conviction for lewd molestation met the prior-conviction criteria in § 2252(b)(1) because it was a state conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *Id*; Mot. to Enforce, attached Tr. of Sentencing Hr'g at 31-35. As noted above, the court sentenced Mr. Cooper to 327 months' imprisonment on his § 2252(a)(2)

-3-

conviction. Mr. Cooper argues that his prior state conviction does not meet the § 2252(b)(1) criteria, and therefore the 327-month sentence imposed by the court exceeds the correct maximum statutory sentence of 20 years.

Mr. Cooper's sentence did not exceed the "statutory maximum" as that term is used in *Hahn* with respect to a miscarriage-of-justice challenge to an appeal waiver. We have held that the plain meaning of the term "'statutory maximum' in *Hahn* refers to the upper limit of punishment that Congress has legislatively specified for the violation of a given statute." *United States v. Green*, 405 F.3d 1180, 1192 (10th Cir. 2005). In reaching this conclusion, we rejected an argument, similar to Mr. Cooper's, that the "statutory maximum" for purposes of the *Hahn* miscarriage-of-justice test is "'the maximum sentence a judge may impose solely on the basis of the facts . . . admitted by the defendant.'" *Id*. at 1192 (quoting *Blakely v. Washington*, 542 U.S. 296, 303 (2004)). We held that the term "statutory maximum" for purposes of *Hahn* does not have the same meaning as that given by the Supreme Court in *Blakely*. *Id*. at 1192-94; *see also United States v. Maldonado*, 410 F.3d 1231, 1234 (10th Cir. 2005) (per curiam) ("[T]he mere fact that the defendant's sentence is based on judge-made findings does not seriously affect the fairness, integrity or public reputation of judicial proceedings."). Under the *Hahn* definition of statutory maximum, the upper limit of punishment that Congress has legislatively specified for the violation of

-4-

§ 2252(a)(2) is 40 years, and Mr. Cooper's 327-month sentence does not exceed that statutory maximum.

The existence of a prior conviction used to increase a sentence is a sentencing factor, not an element of the substantive offense, and thus can be found by a judge based on the preponderance of the evidence and need not be submitted to a jury or admitted by the defendant. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). Mr. Cooper's statutory-maximum miscarriage-of-justice argument is essentially a claim of sentencing error; namely, that the court erred in finding he had a qualifying prior conviction. This court has repeatedly held, however, that alleged sentencing errors do not establish that enforcement of the appeal waiver would be unlawful under the miscarriage-of-justice inquiry. *See United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007); *see also United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) ("To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive.").

Mr. Cooper expressly waived his right to appeal any sentence up to 327 months – 87 months longer than the 20 years he now argues is the statutory maximum. Mr. Cooper acknowledged in his Plea Agreement that if it was determined that he had a qualifying prior conviction under § 2252(b)(1), than the statutory maximum sentence for his § 2252(a)(2) conviction would be 40 years.

Mot. to Enforce, attached Plea Agreement at 11-12. He again told the court during the plea colloquy that he understood that the statutory maximum sentence for his § 2252(a)(2) conviction would be 40 years if he had a qualifying prior conviction under § 2252(b)(1). *Id.*, attached Tr. of Change of Plea Hr'g. at 8. Mr. Cooper clearly understood when he agreed to his appeal waiver that the district court could impose a sentence in excess of 20 years; clearly understood that he had a prior conviction that might qualify for the maximum 40-year penalty; and clearly understood he was waiving his right to appeal a sentence in excess of 20 years, so long as it did not exceed 327 months. The sentence he received complied with the terms of the plea agreement. *See Maldonado*, 410 F.3d at 1234. In waiving his right to appeal any sentence that did not exceed 327 months, Mr. Cooper did not preserve any right to appeal the district court's determination that he had a qualifying prior conviction under § 2252(b)(1). In short, under *Hahn*, Mr. Cooper's sentence did not exceed the statutory maximum and enforcing it would not constitute a miscarriage of justice.

*Sentence Enhancement.* Mr. Cooper also argues that the district court's application of a four-level enhancement for sadistic conduct under U.S.S.G. § 2G2.2(b) resulted in a miscarriage of justice. He acknowledges that this argument is foreclosed by our circuit precedent, which holds that in considering whether an appeal waiver is "otherwise unlawful," we look only "to whether the *waiver* [itself] is otherwise unlawful" not to whether there was a sentencing error.

*Smith*, 500 F.3d at 1213 (quotation omitted), and he explains that he raises this issue only to preserve it for review by the Supreme Court.

We conclude that enforcing the appeal waiver would not result in a miscarriage of justice. Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM