# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 141

**OCTOBER TERM, A.D. 2014**

**November 5, 2014**

CAMERON CURTIS HAGEN,

Appellant
(Defendant),

v.

S-13-0069, S-14-0080

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable W. Thomas Sullins, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel. Argument by Mr. Westling.

*Representing Appellee:*

Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Caitlin Frances Young, Assistant Attorney General. Argument by Ms. Young.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]   In these consolidated appeals, Appellant, Cameron Curtis Hagen, challenges his conviction for escape under Wyo. Stat. Ann. §§ 7-18-112 and 6-5-206(a)(i).  He also appeals the district court's denial of his motion to correct an illegal sentence.  We affirm.

### *ISSUE*

[¶2]   Appellant states the issue as follows:

> Did the trial court impose an illegal sentence by allowing a conviction of escape when Appellant's sentence on the underlying conviction had been served and he was not being legally detained?

### *FACTS*

[¶3]   Appellant was housed at a community corrections facility in Casper as a result of a conviction for aggravated assault.  On May 14, 2012, he checked out of the facility to go to work.  Appellant, however, never arrived at work, and proceeded to several unauthorized locations before returning to the corrections facility after the time he was required to report.

[¶4]   As a result of this incident, the State charged Appellant with escape in violation of Wyo. Stat. Ann. §§ 7-18-112 and 6-5-206(a)(i) (LexisNexis 2011).[1]  Appellant ultimately

---

[1] Those sections provide as follows:

> **§ 7-18-112.  Escape.**
>
> (a) An offender, parolee or an inmate is deemed guilty of escape from official detention and shall be punished as provided by W.S. 6-5-206(a)(i) if, without proper authorization, he:
>
> > (i) Fails to remain within the extended limits of his confinement or to return within the time prescribed to an adult community correctional facility to which he was assigned or transferred; or
> >
> > (ii) Being a participant in a program established under the provisions of this act he leaves his place of employment or fails or neglects to return to the adult community correctional facility within the time prescribed or when specifically ordered to do so.

1

entered a plea of *nolo contendere*, or "no contest," to the charge. The district court sentenced Appellant to 15 to 24 months in prison. Appellant timely appealed that decision, which was assigned Docket No. S-13-0069.

[¶5] Appellant subsequently filed four motions in the district court: a motion for release pending appeal, a motion to withdraw guilty plea, a motion to correct illegal sentence, and a motion for sentence reduction. In his motion to withdraw his plea, Appellant asserted that, "After entry of the judgment, Mr. Hagen discovered that at the time of the alleged escape he had been mistakenly or intentionally denied earned good time and he had actually served his sentence and should have been released prior to the incident alleged as an escape." To support his argument, Appellant attached a "Sentence Information Document," dated May 28, 2008, which listed his "Earliest Projected Maximum Discharge Date" as November 11, 2011.[2] The State filed a response requesting dismissal of Appellant's motion to correct an illegal sentence. The State asserted that Appellant had provided the court with an "outdated and unreliable" sentence information document, and attached a sentence information document dated March 8, 2012, which listed Appellant's earliest discharge date as September 13, 2012. The State also asserted that a motion to correct an illegal sentence presupposes a valid conviction and could not be used to correct issues concerning the validity of a conviction. After a hearing on Appellant's motions, the court allowed Appellant to withdraw his motion for release pending appeal and denied the remaining three motions.

[¶6] Appellant filed an appeal from the denial of his motion to correct an illegal sentence, which was assigned Docket No. S-14-0080. That appeal was consolidated with the appeal of the district court's judgment. After briefing was submitted, the State filed a motion to dismiss the consolidated appeals contending the appeals were moot because Appellant challenged only the legality of his sentence on appeal and because he had completed that sentence. We denied the motion, noting that Appellant had challenged the conviction underlying his sentence.

---

**§ 6-5-206. Escape from official detention; penalties.**

(a) A person commits a crime if he escapes from official detention. Escape is:

> (i) A felony punishable by imprisonment for not more than ten (10) years, if the detention is the result of a conviction for a felony[.]

[2] The sentence information document also states that the earliest projected discharge date "is only a projection for planning purposes and does not constitute an award of or entitlement to any good time earnings or discharge date."

## STANDARD OF REVIEW

[¶7]   Our standard for reviewing the denial of a motion to correct an illegal sentence has been stated as follows:

> A district court has discretion in ruling on a motion to correct an illegal sentence; consequently, we review the district court's ruling for abuse of discretion. *See, Whitten v. State*, 2005 WY 55, ¶ 6, 110 P.3d 892, 894 (Wyo. 2005). However, "[t]he exercise of discretion in the context of a motion to correct an illegal sentence is limited to a determination by the trial court as to whether the sentence was legal or illegal." *Id.* The determination of "whether a specific rule applies to a given set of facts is a question of law, requiring a *de novo* review." *Sweets v. State*, 2001 WY 126, ¶ 9, 36 P.3d 1130, 1132 (Wyo. 2001). *See also, Lee v. State*, 2 P.3d 517, 525 (Wyo. 2000).

*Gould v. State*, 2006 WY 157, ¶ 7, 151 P.3d 261, 264 (Wyo. 2006).

## DISCUSSION

[¶8]   In Docket No. S-13-0069, in claiming that his conviction should be overturned, Appellant contends he should have been released from confinement on November 11, 2011, and that any detention beyond that point was illegal. He asserts that, "Since the crime he is charged with necessitates an escape from 'legal' detention, his conviction would be impossible and any sentence derived from such a conviction would also be illegal." Appellant claims that his good time calculation was altered, without a hearing, after a change in the Department of Correction's policy providing that any good time credited or withheld prior to 2010 would not be subject to alteration. Appellant contends that this action violates the constitutional prohibition against *ex post facto* laws.

[¶9]   As noted above, Appellant entered an unconditional plea of *nolo contendere* to the charge of escape. We have described a *nolo contendere* plea as follows:

> "Nolo contendere" means literally "I do not wish to contest." It has the same effect as a plea of guilty for the purposes of the case, but it cannot be used as an admission in a civil case for the same act. It is an implied admission of every essential element of the offense for the purposes of the case. As such, it is in the nature of a compromise between the prosecution and

3

the accused for the purpose of disposing of the case. The court may accept it without first satisfying itself that the defendant committed the crime charged as it must do on a plea of guilty. Issues of fact do not remain, and, if accepted by the court, the court must enter judgment on the plea. 1 Wright, Federal Practice and Procedure: Criminal, § 177 (1969).

*State v. Steele*, 620 P.2d 1026, 1028 (Wyo. 1980). A *nolo contendere* plea waives all issues but those related to jurisdiction and voluntariness of the plea. *Van Haele v. State*, 2004 WY 59, ¶ 20, 90 P.3d 708, 714 (Wyo. 2004); *Ochoa v. State*, 848 P.2d 1359, 1362 (Wyo. 1993); *Small v. State*, 623 P.2d 1200, 1202 (Wyo. 1981). Appellant, however, does not challenge the district court's jurisdiction, and he provides no argument supporting a claim that his plea was not voluntary. Because Appellant has not asserted a valid basis for challenging his conviction after a plea of no contest, we affirm the district court's decision in Docket No. S-13-0069.

[¶10] In Docket No. S-14-0080, Appellant challenges the district court's denial of his motion to correct an illegal sentence.[3] Appellant's brief is identical to the one filed in Docket No. S-13-0069. An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law. *Gee v. State*, 2014 WY 9, ¶ 7, 317 P.3d 581, 583 (Wyo. 2014). Appellant does not contend that his sentence is illegal for any of these reasons. Rather, Appellant claims that the Department of Corrections recalculated his credit for good time accumulated prior to 2010, in violation of its policy change. Appellant asserts that this action violated the prohibition against enactment of *ex post facto* laws. This claim, however, does not present a challenge to the sentence resulting from Appellant's escape conviction. Rather, Appellant's challenge is to the facts supporting the conviction. We recognize that failing to receive proper credit for time served may result in an illegal sentence. *Cothren v. State*, 2013 WY 125, ¶ 32, 310 P.3d 908, 916-917 (Wyo. 2013). In the present case, however, Appellant does not contend he should have received credit against his sentence for the escape conviction. Rather, Appellant challenges the conviction itself, asserting that he was not properly credited with good time when serving his sentence for aggravated assault. Appellant's challenge to his conviction is not properly asserted in a W.R.Cr.P. 35 motion to correct an illegal sentence. We have repeatedly stated that "A motion to correct an illegal sentence is not available for an attack on the validity of a conviction." *Lunden v. State*, 2013 WY 35, ¶ 11, 297 P.3d 121, 124 (Wyo. 2013) (quoting *Bird v. State*, 2002 WY 14, ¶ 4, 39 P.3d 430, 431 (Wyo.

---

[3] We note that Appellant has not challenged the district court's denial of his motion to withdraw his plea or the denial of his motion for sentence reduction.

4

2002)).  The district court properly denied Appellant's motion to correct an illegal sentence.

[¶11]  Affirmed.