DAVIS, Chief Justice.
*54 [¶1] Appellant Joshua R. Popkin pled no contest to two charges of second degree sexual assault. On appeal, he asserts that the facts alleged in the charges against him did not constitute crimes. We affirm because we conclude that his no-contest pleas waived this appeal issue.
ISSUES
[¶2] Dr. Popkin presents a single issue: Do the facts alleged in this case constitute a crime? The State raises a second issue: By pleading no contest to the charges, did Dr. Popkin waive his only appeal argument?
FACTS
[¶3] Dr. Popkin, a licensed psychologist, was initially charged in August of 2016 with one count of second degree sexual assault by a person in a position of authority. The affidavit of probable cause supporting the charge[1] indicated that the alleged victim, E.M., first met Dr. Popkin when she was in the hospital in 2015 and he was her counselor. When she got out of the hospital, she saw another counselor until Dr. Popkin telephoned her and said he would like to be her counselor again. During one of their counselling sessions, Dr. Popkin began to kiss E.M. She related that "she didn't really know what to do, so she kissed him back." Dr. Popkin told E.M. that traditional therapy had not worked for her. At a session in the summer of 2016, Dr. Popkin brought marijuana oil with him, and E.M. took it. When Dr. Popkin started kissing her and taking off her clothes, E.M. said she "didn't really want to have sex with him, but [she] did."
[¶4] In April of 2017, in a separate docket, Dr. Popkin was charged with two counts of second degree sexual assault by a person in a position of authority. The affidavit indicated that Dr. Popkin served as counselor to the alleged victim, J.S., in late 2015. J.S. described their counselling sessions as "flirty." During a session at Dr. Popkin's house, he offered her alcohol and marijuana, began kissing her, and talked about matters of "a very sexual nature." During two sessions in February of 2016, Dr. Popkin had sexual relations and sexual contact with J.S.
[¶5] In August of 2017, Dr. Popkin and the State entered into a plea agreement. Dr. Popkin agreed to plead no contest to the first charge and to one of the later charges, and the State agreed to dismiss the second of the later charges. The State agreed to recommend a sentence of one year in jail followed by supervised probation for a period of ten years. The district court accepted Dr. Popkin's no contest pleas. However, it rejected the State's recommendation as to Dr. Popkin's sentence, and instead sentenced him to three to five years on each charge, with the sentences to be served consecutively.
[¶6] Dr. Popkin filed a notice of appeal, bringing this matter before us. Later, Dr. Popkin filed a motion in the district court seeking to correct an illegal sentence. He asserted that the facts alleged in his case did not constitute a crime because a clinical psychologist is not in a position of authority as that term is used in the applicable Wyoming criminal statute. The district court denied the motion to correct an illegal sentence, and Dr. Popkin appealed that decision. This Court, on its own motion, consolidated the two appeals.
DISCUSSION
[¶7] Dr. Popkin pled no contest to and was convicted on two counts of second degree sexual assault by a person in a position of authority, in violation of *55 Wyo. Stat. Ann. § 6-2-303(a)(vi) (LexisNexis 2015). That statute provides:
(a) Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree:
* * * *
(vi) The actor is in a position of authority over the victim and uses this position of authority to cause the victim to submit[.]
"Position of authority" is defined by Wyo. Stat. Ann. § 6-2-301(a)(iv) to mean "that position occupied by a parent, guardian, relative, household member, teacher, employer, custodian or any other person who, by reason of his position, is able to exercise significant influence over a person."[2]
[¶8] Dr. Popkin asserts that he was not in a position of authority over his alleged victims as required for conviction under Wyo. Stat. Ann. § 6-2-303(a)(vi). He was not the "parent, guardian, relative, household member, teacher, employer, [or] custodian" of his victims. He asserts that, as a psychologist, he does not fall within the broader category of "any other person who, by reason of his position, is able to exercise significant influence over a person."
[¶9] Dr. Popkin recognizes that "Wyoming's statute is exceptionally inclusive both as written and as construed." Faubion v. State , 2010 WY 79, ¶ 19, 233 P.3d 926, 931 (Wyo. 2010). He further acknowledges that we have concluded in previous cases that a broad range of persons were in positions of authority for purposes of this statute, including a massage therapist, Solis v. State , 2013 WY 152, ¶ 37, 315 P.3d 622, 631 (Wyo. 2013) ; a certified nursing assistant, Baldes v. State , 2012 WY 67, ¶ 12, 276 P.3d 386, 389 (Wyo. 2012) ; and a chiropractor, Faubion , ¶ 19, 233 P.3d at 931. Dr. Popkin points out, however, that we have never concluded that a psychologist is in a position of authority for purposes of this statute. He therefore contends that the facts alleged by the State in the criminal charges against him were insufficient to establish that he committed the crime of second degree sexual assault by a person in a position of authority.
[¶10] The State counters that Dr. Popkin entered no contest pleas to the two charges, and in doing so, he waived all non-jurisdictional defenses. His sole issue on appeal is not jurisdictional, the State contends, and so was waived. Accordingly, the State maintains, this Court should decline to consider the merits of his appeal and affirm.
[¶11] Because the State's issue is potentially dispositive, we consider it first. See Goetzel v. State , 2017 WY 141, ¶ 6, 406 P.3d 310, 311 (Wyo. 2017). The question of whether Dr. Popkin's entry of an unconditional no contest plea waived the issue he now seeks to raise on appeal "presents a question of law that we review de novo ." Redding v. State , 2016 WY 41, ¶ 13, 371 P.3d 136, 140 (Wyo. 2016) (citing Henry v. State , 2015 WY 156, ¶ 13, 362 P.3d 785, 789 (Wyo. 2015) ).
[¶12] We have consistently held that a no contest or "nolo contendere plea waives all issues but those related to jurisdiction and voluntariness of the plea." Hagen v. State , 2014 WY 141, ¶ 9, 336 P.3d 1219, 1222 (Wyo. 2014) (citing Van Haele v. State , 2004 WY 59, ¶ 20, 90 P.3d 708, 714 (Wyo. 2004) ; Ochoa v. State , 848 P.2d 1359, 1362 (Wyo. 1993) ; Small v. State , 623 P.2d 1200, 1202 (Wyo. 1981) ). Dr. Popkin does not challenge the voluntariness of his no contest pleas, so we consider whether Dr. Popkin's appeal issue is related to jurisdiction. Jurisdictional issues are those involving "the very power of the State to bring the defendant into court to answer the charge brought against him." Davila v. State , 831 P.2d 204, 205 (Wyo. 1992) (quoting Blackledge v. Perry, 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628, 636 (1974) ).
[¶13] The question of "whether or not there is sufficient evidence an accused is in a 'position of authority' ... is a mixed question of law and fact." Solis , ¶ 33, 315 P.3d at 630. Whether Wyo. Stat. Ann. § 6-2-303(a)(vi) should be interpreted to include a psychologist *56 as a person in a position of authority is a question of law that Dr. Popkin could have raised before the district court in, for example, a motion to dismiss the charges against him. Instead, he entered pleas of no contest to the charges. Whether Dr. Popkin was actually "in a position of authority over the victim[s] and use[d] this position of authority to cause the victim[s] to submit" is a question of fact that Dr. Popkin could have argued to a jury. Instead, he waived his right to a jury trial when he pled no contest to the charges against him.
[¶14] In this mixed question of law and fact, the legal portion was one to be decided by the district court. The factual portion was one to be decided by a jury. Neither portion prevented the State from bringing Dr. Popkin into court to answer the charges against him. Accordingly, the issue presented by Dr. Popkin in this appeal is not jurisdictional in nature. In Ochoa , 848 P.2d at 1362, we cited a case, Stokes v. State, 738 P.2d 1364, 1366 (Okla. Crim. App. 1987), in which the Oklahoma Court of Criminal Appeals "held that when a criminal defendant pleads guilty to the crime charged and subsequently attempts to challenge the 'propriety of the charge as applied to the facts in her case,' then that type of challenge is nonjurisdictional." Here, we similarly conclude that Dr. Popkin's assertion that the facts alleged in his case do not constitute a crime is also nonjurisdictional.
[¶15] Dr. Popkin's contrary position apparently relies on a case in which the United States Supreme Court wrote that "a guilty plea does not bar a claim on appeal 'where on the face of the record the court had no power to enter the conviction or impose the sentence.' " Class v. United States , --- U.S. ----, 138 S.Ct. 798, 804, 200 L.Ed.2d 37 (2018) (quoting United States v. Broce , 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989) ). However, the question explicitly addressed in Class was "whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." Class , --- U.S. ----, 138 S.Ct. at 803. Dr. Popkin does not challenge the constitutionality of Wyo. Stat. Ann. § 6-2-303(a)(vi), nor does his appeal raise any other constitutional issues. Class does not apply to Dr. Popkin's situation.
CONCLUSION
[¶16] When Dr. Popkin pled no contest to two charges of second degree sexual assault by a person in a position of authority, he waived the right to challenge all issues except those related to jurisdiction and the voluntariness of his plea. There is no dispute that his pleas were voluntary, and we conclude that the issue he raises on appeal is not jurisdictional. Accordingly, we affirm his convictions and the judgment of the district court.

Because Dr. Popkin pled no contest to the charges, the district court did not question him to establish the factual basis of his plea, but instead relied on the Affidavits of Probable Cause that supported the charges. "Accordingly, we also look to the supporting affidavit[s] to establish the facts necessary to analyze Appellant's ... claim." Drakeford v. State , 2017 WY 115, ¶ 12 n.2, 402 P.3d 980, 983 n.2 (Wyo. 2017).

In 2018, the Wyoming Legislature amended this definition to add "health care provider" to the list of positions of authority. 2018 Wyo. Sess. Laws ch. 80, § 1, at 80. However, the previous version of the statute was in effect in 2016 when Dr. Popkin had sexual relations with the two alleged victims.