BOOMGAARDEN, Justice.
[¶1] Pursuant to a plea agreement, Andrew Franklin Protz pled guilty to the crime of driving while under the influence (DWUI)-fourth offense in ten years. On appeal, Mr. Protz contends the charging document (Information) failed to state a felony offense because it did not allege three prior offenses resulting in convictions within the ten-year lookback period as required by Wyo. Stat. Ann. § 31-5-233(e) (LexisNexis 2017). We conclude that the Information plainly charged Mr. Protz with a fourth offense felony DWUI, thereby invoking the district court's subject matter jurisdiction, and that Mr. Protz waived his challenge to the sufficiency of the Information when he entered his unconditional guilty plea. We therefore affirm his conviction.
ISSUE
[¶2] Mr. Protz asks us to review one issue:
Whether the Information failed to state the offense of fourth driving while under the influence within ten years when it did not allege three prior offenses within ten years?
FACTS
[¶3] On May 23, 2017, Trooper Merritt of the Wyoming Highway Patrol arrested Mr. Protz for DWUI. He transported Mr. Protz to the Sublette County Detention Center and administered a breath test. Mr. Protz had a blood alcohol content of 0.20%. The Information charged Mr. Protz with DWUI, his fourth offense in ten years, in violation of Wyo. Stat. Ann. § 31-5-233(b)(ii) and/or Wyo. Stat. Ann. § 31-5-233(b)(iii)(A) ("felony DWUI charge"). The circuit court appointed a public defender to represent Mr. Protz, he waived his right to a preliminary hearing, and the case was bound over to district court. Mr. Protz pled not guilty at his arraignment.
[¶4] Mr. Protz reached a plea agreement with the State on December 21, 2017. He agreed to plead guilty to the felony DWUI charge and to waive several of his rights, including his rights to file post-conviction motions and an appeal, in exchange for the State recommending favorable sentencing terms. At the change of plea hearing, the district court accepted Mr. Protz's unconditional guilty plea and sentenced him in accordance with the plea agreement: four to six years imprisonment, with credit for time served; suspended pending completion of a *396 nine-month split sentence in the Sublette County Detention Center, and five years of supervised probation.
[¶5] Following sentencing, and notwithstanding his waiver of rights, Mr. Protz filed a pro se motion to dismiss his felony conviction claiming he did not have three prior DWUI offenses that fell within the statutory ten-year lookback period. The district court denied his motion. Mr. Protz timely appealed the judgment and sentence and the denial of his motion to dismiss.
DISCUSSION
[¶6] The State argues that Mr. Protz waived his right to appeal under the terms of his plea agreement and we should enforce that agreement. Mr. Protz argues that the alleged failure of the Information to state the felony offense of a fourth DWUI within ten years is a jurisdictional issue; thus, he did not waive his claim and it would be a miscarriage of justice to convict and sentence him based on his guilty plea. Because we conclude Mr. Protz's claims are nonjurisdictional, he waived his right to challenge the sufficiency of the information when he entered his unconditional guilty plea.
[¶7] We begin by considering Mr. Protz's assertion that he could only be convicted of a misdemeanor, not a felony, as this assertion calls the district court's jurisdiction into question. "[S]ubject matter jurisdiction over the offense charged is fundamental and indispensable to a prosecution." Messer v. State , 2004 WY 98, ¶ 13, 96 P.3d 12, 17 (Wyo. 2004) (citation omitted).
District courts in Wyoming have jurisdiction over all criminal cases except those for which other provision is made. Circuit courts have original jurisdiction in all misdemeanor criminal cases and are required to conduct preliminary hearings for all persons charged with a felony.
Id. (citations omitted); see Wyo. Const. art. 5, § 10 ; Wyo. Stat. Ann. §§ 5-9-129, -132 (LexisNexis 2017). Whether the State had the power to bring Mr. Protz into district, as opposed to circuit, court is a question of law we review de novo. Jones v. State , 2011 WY 114, ¶ 7, 256 P.3d 527, 531 (Wyo. 2011) (citation omitted). For this purpose, "[a]n information is sufficient if it is in the words of the statute," and it only has to set forth " 'ultimate facts,' as opposed to 'matters of evidence,' the latter phrase meaning 'particulars as to manner or means, place or circumstance.' " Id. (citations omitted).
[¶8] The State accused Mr. Protz of violating Wyo. Stat. Ann. § 31-5-233(b), and asserted he should be punished in accordance with subsection (e). Those provisions provide:
(b) No person shall drive or have actual physical control of any vehicle within this state if the person:
....
(ii) Has an alcohol concentration of eight one-hundredths of one percent (0.08%) or more, as measured within two (2) hours after the time of driving or being in actual physical control of the vehicle following a lawful arrest resulting from a valid traffic stop; or
(iii) To a degree which renders him incapable of safely driving:
(A) Is under the influence of alcohol[.]
....
(e) ... Except as otherwise provided in this subsection or subsection (h) or (m) of this section, a person convicted of violating this section is guilty of a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both. ... On a fourth offense resulting in a conviction or subsequent conviction within ten (10) years for a violation of this section or other law prohibiting driving while under the influence, he shall be guilty of a felony and fined not more than ten thousand dollars ($10,000.00), punished by imprisonment for not more than seven (7) years, or both.
Wyo. Stat. Ann. § 31-5-233(b), (e) (emphasis added). The Information specifically alleged:
1. On or about May 23, 2017,
2. in Sublette County, Wyoming,
3. the Defendant, ANDREW FRANKLIN PROTZ,
4. drove or had actual physical control of a vehicle, *397 5. with an alcohol concentration of eight one-hundredths of one percent (0.08%) or more, as measured within two (2) hours after the time of driving or being in actual physical control of the vehicle following a lawful arrest resulting from a valid traffic stop, and/or
6. while under the influence of alcohol,
7. to a degree which rendered the Defendant incapable of safely driving, in violation of WYO. STAT. ANN. § 31-5-233(b)(ii), AND/OR WYO. STAT. ANN. § 31-5-233(b)(iii)(A), Driving While Under the Influence - Fourth Offense in Ten Years , a felony, punishable by imprisonment for not more than seven (7) years, a fine of not more than ten thousand dollars ($10,000.00), or both, as provided by WYO. STAT. ANN. § 31-5-233(e), contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Wyoming.
(Emphasis in original.)
[¶9] By stating the ultimate facts and using the words of the statute, to include the "Fourth Offense in Ten Years" felony enhancement, this Information clearly invoked district court jurisdiction. See Wyo. Stat. Ann. § 31-5-233 ; Messer , ¶ 16, 96 P.3d at 17 (holding that the district court had subject matter jurisdiction because the face of the charging documents alleged a third family violence offense within the previous ten years, making the crime charged a felony offense).
[¶10] The ultimate issue-whether Mr. Protz waived his appellate claim by pleading guilty to the crime charged-is also a question of law we review de novo. Popkin v. State , 2018 WY 121, ¶ 11, 429 P.3d 53, 55 (Wyo. 2018) (citation omitted). "A criminal defendant, by pleading guilty, admits all of the essential elements of the crime charged ...." Ochoa v. State , 848 P.2d 1359, 1361 (Wyo. 1993) (citations omitted). "The only claims not waived by an unconditional guilty plea are those that address the jurisdiction of the court or the voluntariness of the plea." Kitzke v. State , 2002 WY 147, ¶ 8, 55 P.3d 696, 699 (Wyo. 2002) (citation omitted). Because Mr. Protz does not challenge the voluntariness of his guilty plea, we consider only whether his appeal raises a jurisdictional issue. Jurisdictional issues involve "the very power of the State to bring the defendant into court to answer the charge brought against him[,]" and include the "failure of the indictment or information to state an offense ." Davila v. State , 831 P.2d 204, 205 (Wyo. 1992) (emphasis added) (citations omitted).
[¶11] In addition to the general allegations stated above, the Information further alleged that Mr. Protz had three prior DWUI convictions on: (1) August 2, 2007, in Willits, California; (2) July 29, 2011, in Richmond, California; and (3) April 1, 2015, in Sweetwater County, Wyoming. The Information incorporated by reference Trooper Merritt's affidavit,[1] which additionally listed Mr. Protz's prior DWUI arrest dates and some corresponding disposition dates:
Protz has prior D[W]UI arrests:Arrest Date 02/08/07, Disposition Date 08/02/07Arrest Date 02/23/11, Disposition Date 07/29/11Arrest Date 06/01/11[, No disposition date listed]Arrest Date 06/15/14[, No disposition date listed]
[¶12] Mr. Protz nevertheless claims the Information is jurisdictionally defective because the State relied on his prior conviction dates instead of offense dates to support its fourth offense felony DWUI charge.[2] In Mr. Protz's and other cases, the State did, in fact, argue that Wyo. Stat. Ann. § 31-5-233(e) requires that the fourth offense occur within ten years of three prior convictions. See, e.g. , Rhoads v. State , 2018 WY 143, ¶ 7, 431 P.3d 1130, 1132-33 (Wyo. 2018) ; Hyatt v. State , 2018 WY 84, ¶ 9, 422 P.3d 524, 527 (Wyo. 2018). However, we recently rejected that *398 argument in Rhoads , holding that a "fourth offense felony DWUI looks back to the conduct not convictions in determining if four DWUIs have occurred within the ten-year lookback period." Rhoads , ¶ 19, 431 P.3d at 1135.
[¶13] Without the benefit of our Rhoads opinion when he filed his appeal, Mr. Protz focused his briefing on refuting the State's interpretation of Wyo. Stat. Ann. § 31-5-233(e). He relied on the conviction dates specified on the face of the Information to argue, "Because the dates of the offenses were not noted in the Information, the Information failed to allege that Mr. Protz had previously committed three (3) offenses of driving under the influence of alcohol within the ten (10) years preceding the offense at issue (which was alleged to have taken place on May 23, 2017)." We agree with Mr. Protz that Wyo. Stat. Ann. § 31-5-233 does not "criminalize" having three prior DWUI convictions within ten years of the most recent offense resulting in conviction. However, we reject Mr. Protz's argument that the alleged omission of qualifying offense dates results in the Information failing to state an offense under Wyo. Stat. Ann. § 31-5-233. As the precedent below makes clear, Mr. Protz's grievance with the Information does not amount to a jurisdictional defect.
[¶14] The plain language of Wyo. Stat. Ann. § 31-5-233(b) criminalizes the act of DWUI. See also W.Cr.P.J.I. 122.02A, 122.03 (2018 Update) (setting forth the elements for the crime of a DWUI without reference to prior convictions or offenses). Wyo. Stat. Ann. § 31-5-233(e) is a sentence enhancement provision, providing graduated penalties for subsequent DWUI violations. Rhoads , ¶¶ 6, 17, 431 P.3d at 1132, 1135.[3] It does not articulate a separate offense or specify prior offenses as separate elements. Accordingly, we have long held that prior convictions (or prior offenses resulting in convictions) are "not relevant to the issue of guilt for the [DWUI] crime" but go "only to the issue of punishment [.]" Jaramillo , 719 P.2d at 659 (quoting Munoz v. Maschner , 590 P.2d 1352, 1358 (Wyo. 1979) (emphasis added) ). The alleged omission of prior offense dates in the Information therefore did not prevent the State from bringing Mr. Protz into district court to answer the DWUI charges. That Mr. Protz may or may not have three previous DWUI offenses resulting in convictions within the ten-year look back period is relevant only to the sentence he could receive.[4] Consequently, any mistake in alleging if or when those prior offenses occurred does not constitute a jurisdictional defect.
[¶15] The arrest, disposition, and conviction dates set forth in the Information are facts that placed Mr. Protz on notice that the State sought to prove he was guilty of DWUI, subject to felony sentence enhancement.
*399 Messer , ¶ 22, 96 P.3d at 18-19 (citing State ex rel. Motor Vehicle Div. v. Holtz , 674 P.2d 732, 738 (Wyo. 1983) ) (explaining that "due process requires notice if a former conviction is to be used to enhance punishment"). Having received such notice, Mr. Protz could have challenged those alleged facts and required the State to prove the felony enhancement provision applied to him. Instead, he pled guilty to the felony offense charged, thus waiving his right to challenge the sufficiency of the Information on appeal. See, e.g. , Popkin , ¶¶ 13-14, 429 P.3d at 55-56 (the factual question whether the defendant was actually "in a position of authority over the victim[s] and use[d] this position of authority to cause the victim[s] to submit" under the second degree sexual assault statute did not relate to jurisdiction; defendant therefore waived his right to challenge whether the statute applied to him when he pled no contest to two charges of second degree sexual assault by a person in a position of authority); Ochoa , 848 P.2d at 1362 (a challenge to the propriety of the charge as applied to the facts of defendant's case would not prevent a trial and is, therefore, nonjurisdictional).
CONCLUSION
[¶16] The Information charged Mr. Protz with DWUI subject to felony sentence enhancement, thus invoking the district court's subject matter jurisdiction. By entering an unconditional guilty plea, Mr. Protz waived his right to challenge whether the State could prove he had three offenses resulting in convictions within the ten-year look back period as Wyo. Stat. Ann. § 31-5-233(e) requires. Affirmed.

See e.g. , Schuler v. State , 668 P.2d 1333, 1339 (Wyo. 1983) (recognizing that an information may incorporate another document by reference).

Mr. Protz does not acknowledge the prior arrest and disposition dates incorporated into the Information through Trooper Merritt's affidavit. Supra at ¶ 11.

See also Jaramillo v. City of Green River , 719 P.2d 655, 659 (Wyo. 1986) (holding that there is no right to a jury trial with respect to the existence of prior convictions for DWUI sentence enhancement purposes); Schuler , 668 P.2d at 1337 (citing Evans v. State , 655 P.2d 1214, 1225 (Wyo. 1982) ) (explaining that habitual criminality is a status, not a crime, and "simply changes the sentencing process" to enhance the potential sentence for the underlying crime charged); State v. Moody , 282 Kan. 181, 144 P.3d 612, 624 (2006) ("Because prior DUI convictions are not elements of the offense of DUI, prosecution of a complaint which fails to indicate each prior offense is not jurisdictionally barred ...."); State v. Werner , 8 Neb.App. 684, 600 N.W.2d 500, 505-06 (Neb. 1999) (explaining that a Nebraska statute criminalizes the act of DUI and previous DUI convictions are relevant only to the sentence imposed); Koenig v. State , 99 Nev. 780, 672 P.2d 37, 39 (1983) (concluding that a Nevada DUI statute does not set forth a separate offense specifying prior convictions as separate elements, but instead uses prior DUI convictions for penalty enhancement purposes); United States v. Cooper , 389 F. Appx. 842, 844 (10th Cir. 2010) (citation omitted) ("The existence of a prior conviction used to increase a sentence is a sentencing factor, not an element of the substantive offense ....").

Mr. Protz argues that his pro se, post-conviction motion to dismiss was denied in error "[f]or the same reasons the Information failed to state an offense[.]" He further argues that his appeal of the denial of his motion to dismiss is unaffected by any waiver of claims through the entry of his guilty plea and should be decided on the merits. Because the Information did not fail to state an offense, we summarily affirm the district court's denial of Mr. Protz's motion to dismiss, without ruling on the legal validity of his post-conviction motion, see W.R.Cr.P. 34, or whether he waived his right to file the motion under the terms of his plea agreement.