# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 59

### APRIL TERM, A.D. 2020

### May 11, 2020

LONNIE LEE DAHL,

Appellant
(Defendant),

v.

S-19-0204

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Park County*
*The Honorable Bill Simpson, Judge*

*Representing Appellant:*

Diane Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel. Argument by Mr. Morgan.

*Representing Appellee:*

Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Timothy P. Zintak, Assistant Attorney General. Argument by Mr. Zintak.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    Lonnie Lee Dahl pleaded no contest to child abuse and unlawful entry into an occupied structure (unlawful entry) after he entered the home where his estranged wife (Mrs. Dahl) and teenage son (the victim) were residing and hit the victim with a wooden shovel handle.  He claims the charge of unlawful entry did not state a criminal offense.  We conclude Mr. Dahl waived his claim by pleading no contest to the charge and affirm.

## ISSUE

[¶2]    Whether Mr. Dahl waived his challenge to the unlawful entry charge by pleading no contest.

## FACTS

[¶3]    The following facts are gleaned from the affidavit of probable cause, which the district court and parties agreed established the factual basis for Mr. Dahl's no contest pleas.

[¶4]    On October 8, 2018, peace officer Stephen P. O'Donnell, Jr., responded to a 911 call of a domestic disturbance at the Cody, Wyoming, residence where Mrs. Dahl and the victim were residing.  Mrs. Dahl reported that she and Mr. Dahl were separated and he was not welcome in the home.  Nevertheless, earlier that evening, Mrs. Dahl found him hiding in her bedroom.

[¶5]    Mrs. Dahl informed the officer that she left her bedroom and told the victim Mr. Dahl was there.  The victim confronted Mr. Dahl, and Mr. Dahl hit the victim several times with a wooden shovel handle.  When Mrs. Dahl tried to intervene, Mr. Dahl hit her with the shovel handle.  Mr. Dahl then fled the premises, taking a hunting rifle that had belonged to Mrs. Dahl's grandfather with him.  Officer O'Donnell observed a bleeding wound on the victim's head and bruising on his left arm.

[¶6]    The State filed a felony information against Mr. Dahl, charging him with two counts of aggravated burglary, two counts of unlawful entry, one count of child abuse and one count of misdemeanor theft.  The parties negotiated a plea agreement but did not put it in writing.  At the change of plea hearing, the prosecutor described the plea agreement[1] as including the following terms:  1) Mr. Dahl would plead no contest to Counts IV and V of the information – unlawful entry and child abuse, respectively; 2) the State would dismiss the other four counts with prejudice; 3) the State would recommend an eight to ten year

---

[1] The prosecutor stated the terms of the plea agreement had been placed on the record about a week earlier. The parties do not direct us to an earlier statement of the plea agreement's terms, and we were unable to find any such statement in the record.

1

sentence on each count, with the sentences to be served consecutively; and 4) Mr. Dahl could argue for whatever sentence he wished.

[¶7] After informing Mr. Dahl of the potential consequences of his plea, the district court gave him time to confer with his attorney. Mr. Dahl subsequently entered unconditional no contest pleas to Counts IV and V. The district court sentenced Mr. Dahl in accordance with the State's recommendation, and he appealed.

## DISCUSSION

[¶8] Mr. Dahl claims his conviction on Count IV of the information (unlawful entry) must be overturned because it did not state a criminal offense.[2] The State maintains Mr. Dahl waived his challenge to Count IV when he pleaded no contest to the charge.

[¶9] Whether Mr. Dahl's entry of an unconditional no contest plea waived the issue he raises on appeal "'presents a question of law that we review *de novo*.'" *Popkin v. State,* 2018 WY 121, ¶ 11, 429 P.3d 53, 55 (Wyo. 2018) (quoting *Redding v. State*, 2016 WY 41, ¶ 13, 371 P.3d 136, 140 (Wyo. 2016)) (other citations omitted). *See also, Protz v. State,* 2019 WY 24, ¶ 10, 435 P.3d 394, 397 (Wyo. 2019).

[¶10] A no contest or *nolo contendere* plea has the same effect as a guilty plea. *Ochoa v. State,* 848 P.2d 1359, 1361 (Wyo. 1993) (citing *Davila v. State,* 831 P.2d 204, 205 (Wyo. 1992)). By entering a no contest plea, the defendant admits all the essential elements of the crime and waives all issues except those related to jurisdiction or the voluntariness of the plea. *Popkin,* ¶ 12, 429 P.3d at 55; *Ochoa,* 848 P.2d at 1362 ("A criminal defendant, by pleading guilty, admits all of the essential elements of the crime charged and thus waives all nonjurisdictional defenses."). *See also, Hagen v. State*, 2014 WY 141, ¶ 9, 336 P.3d 1219, 1222 (Wyo. 2014) (a no contest plea waives all non-jurisdictional defects); *Van Haele v. State,* 2004 WY 59, ¶ 20, 90 P.3d 708, 714 (Wyo. 2004) (same). Mr. Dahl does not argue his plea was involuntary; therefore, we consider whether he has identified a jurisdictional defect.

[¶11] "Jurisdictional issues are those involving 'the very power of the State to bring the defendant into court to answer the charge brought against him.'" *Popkin,* ¶ 12, 429 P.3d at 55 (quoting *Davila*, 831 P.2d at 205, which cited *Blackledge v. Perry,* 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628, 636 (1974)). "Nonjurisdictional defenses and objections are 'those objections and defenses which would not prevent a trial.'" *Ochoa,* 848 P.2d at 1362 (quoting *Davila,* 831 P.2d at 206) (other citations omitted). Jurisdictional issues include the "failure of the indictment or information to state a [criminal] offense." *Davila,* 831 P.2d at 205. *See also*, *Protz,* ¶ 10, 435 P.3d at 397; W.R.Cr.P. 12(b)(2) (a claim that an information "fails to show jurisdiction in the court or to charge an offense . . .

---

[2] Mr. Dahl does not challenge his child abuse conviction.

. shall be noticed by the court at any time during the pendency of the proceedings"). *But see,* F.R.Cr.P. 12(b) ("A motion that the court lacks jurisdiction may be made at any time while the case is pending"; a motion to dismiss for failure of an indictment to state an offense must be raised pretrial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits"); *United States v. Cotton,* 535 U.S. 625, 629-31, 122 S.Ct. 1781, 1784-85, 152 L.Ed.2d 860 (2002) (a claim that the indictment or information does not state an offense is not jurisdictional).

[¶12] Mr. Dahl claims his no contest plea did not waive his challenge to Count IV. According to him, the district court did not have jurisdiction[3] over Count IV because it did not state a criminal offense against him for two reasons:  1) it referred to an incorrect statute number; and 2) the victim was not a household member as required for domestic battery, which is an element of unlawful entry.

### 1. *Citation Error*

[¶13] Mr. Dahl claims the district court did not have jurisdiction over Count IV because it contained a citation error and, therefore, did not state a criminal offense under Wyoming law.  Count IV stated:

> On or about October 8, 2018, in Park County, Wyoming, [Mr. Dahl] did commit unlawful entry into an occupied structure:  to wit[,] did without authority, enter or remain in an occupied structure and commit domestic battery [against the victim] as defined in Wyoming Statute Annotated § 6-2-510, in violation of Wyoming Statute Annotated § 6-3-307, a felony, punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both[,] contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Wyoming[.]

[¶14] Wyo. Stat. Ann. § 6-3-307 (LexisNexis 2019) states:

> (a) A person is guilty of unlawful entry into an occupied structure if, without authority, he enters or remains in an occupied structure and attempts to commit or commits battery as defined in W.S. 6-2-501 or domestic battery as defined in W.S. 6-2-511.

---

[3] Mr. Dahl also briefly asserts his right to due process was violated because Count IV failed to state an offense against him.  His due process claim is based upon the same argument as his jurisdictional claim; consequently, we will not separately discuss it.

(b) Unlawful entry into an occupied structure is a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both.

(c) As used in this section:

(i) "Occupied structure" means a structure, other than a vehicle, whether or not a person is actually present:

(A) Where any person lives; or

(B) Which is used for overnight accommodation or overnight shelter of persons.

[¶15] Count IV improperly referred to Wyo. Stat. Ann. § 6-2-510 (LexisNexis 2017) instead of Wyo. Stat. Ann. § 6-2-511 (LexisNexis 2017). Sections 6-2-510 and 6-2-511 are related. Section 6-2-510 criminalizes domestic assault: "(a) A household member is guilty of domestic assault if, having the present ability to do so, he unlawfully attempts to cause bodily injury to another household member." Section 6-2-511 criminalizes domestic battery: "(a) A household member is guilty of domestic battery if he knowingly or recklessly causes bodily injury to another household member by use of physical force."

[¶16] Wyoming Rule of Criminal Procedure 3(c) addresses a citation error in an information:

(c) *Harmless error.* – Error in the citation of a statute or its omission, or any other defect or imperfection, shall not be grounds for dismissal of the indictment, information or citation or for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice. . . .

Under the plain terms of Rule 3(c), an error in a citation of a statute will not affect the validity of an information unless it misled the defendant to his prejudice.

[¶17] Mr. Dahl does not argue he was misled, and the record confirms the citation error was not misleading. The information contained the correct statutory language, i.e., "domestic battery"; it just contained the wrong statute number. This certainly should not have misled Mr. Dahl as the statute he was charged under, § 6-3-307, contained the correct statute number. In addition, a comparison of § 6-2-510 and § 6-2-511 clearly shows the latter applies to Mr. Dahl's case. The difference between domestic assault (§ 6-2-510) and domestic battery (§ 6-2-511) is that assault punishes an <u>attempt to cause</u> bodily injury to a

4

household member, while battery punishes <u>knowingly or recklessly causing</u> bodily injury to a household member. The affidavit of probable cause, which was incorporated into the information, did not allege Mr. Dahl attempted to cause bodily injury to the victim; it alleged he injured the victim's head and left arm. *See generally*, *Breazeale v. State,* 2011 WY 10, ¶¶ 26-29, 245 P.3d 834, 842 (Wyo. 2011) (the district court was not deprived of jurisdiction when the circuit court bound the defendant over using the wrong statute number because there was no indication the defendant was confused about the crime with which he was charged); *United States v. Kumar,* 617 F.3d. 612, 622 (2d Cir. 2010) (under former F.R.Cr.P. 7(c)(3) (now F.R.Cr.P 7(c)(2)), which is similar to W.R.Cr.P. 3(c), the citation to a statute number in an indictment is not part of the charged offense, and citation to the wrong statute is not a jurisdictional defect); *Morland v. United States,* 193 F.2d 297, 298 (10ᵗʰ Cir. 1951) (omission of a proper citation does not render an indictment void or deprive the trial court of jurisdiction). The citation error did not deprive the district court of jurisdiction over Count IV.

### 2.    *Household Member*

[¶18]  Mr. Dahl claims Count IV does not state an offense because the victim did not qualify as a household member under the domestic battery statute. Section 6-2-511(d)(ii) adopts the definition of "[h]ousehold member" from Wyo. Stat. Ann. § 35-21-102 (LexisNexis 2017). For our purposes, "household member" includes "[p]arents and their adult children." Section 35-21-102(a)(iv)(E).

[¶19]  Mr. Dahl argues the victim was a minor at the time of the offense and, therefore, could not qualify as a household member by being an "adult child." The affidavit of probable cause stated the victim was born in 2002, but the month and day were omitted. Mr. Dahl's presentence investigation report stated the victim was seventeen years old on June 4, 2019, meaning he would have turned sixteen before the date of the offense. Mr. Dahl conceded on rebuttal oral argument that the victim was sixteen at the time of the offense.

[¶20]  The age of majority under Wyoming law is eighteen. Wyo. Stat. Ann. § 14-1-101 (LexisNexis 2019). However, § 35-21-102 does not define an "adult child" as one who is not a minor. Instead, "[a]dult" is defined within the same statute as a person who is 16 years of age or older, or legally married. Section 35-21-102(a)(i). For the reasons set forth below, we need not decide which statute sets the age of an "adult child" for domestic battery/unlawful entry. By pleading no contest Mr. Dahl waived any claim that Count IV did not state an offense because the victim did not fit the statutory age requirements.

[¶21]  Our decision in *Popkin* provides guidance as to whether Mr. Dahl waived his claim that Count IV failed to state a criminal offense. Dr. Popkin was a psychologist, and he had sexual intercourse with two of his patients. *Popkin,* ¶¶ 3-4, 429 P.3d at 54. The State charged him with multiple counts of second-degree sexual assault for inflicting sexual

intrusion on his victims while he was in a position of authority. *Id.* He pleaded no contest to two of the charges. *Id.,* ¶ 5, 429 P.3d at 54.

[¶22]   In his subsequent appeal, Dr. Popkin claimed the information failed to state criminal offenses against him because he was not in a position of authority over his victims. *Id.,* ¶¶ 8-10, 429 P.3d at 55.  In essence, he maintained the district court did not have jurisdiction over the charges.  We concluded he had waived his claim.

> The question of "whether or not there is sufficient evidence an accused is in a 'position of authority' ... is a mixed question of law and fact." Whether Wyo. Stat. Ann. § 6-2-303(a)(vi) should be interpreted to include a psychologist as a person in a position of authority is a question of law that Dr. Popkin could have raised before the district court in, for example, a motion to dismiss the charges against him. Instead, he entered pleas of no contest to the charges. Whether Dr. Popkin was actually "in a position of authority over the victim[s] and use[d] this position of authority to cause the victim[s] to submit" is a question of fact that Dr. Popkin could have argued to a jury. Instead, he waived his right to a jury trial when he pled no contest to the charges against him.
>
> In this mixed question of law and fact, the legal portion was one to be decided by the district court. The factual portion was one to be decided by a jury. Neither portion prevented the State from bringing Dr. Popkin into court to answer the charges against him. Accordingly, the issue presented by Dr. Popkin in this appeal is not jurisdictional in nature. In *Ochoa*, 848 P.2d at 1362, we cited a case, *Stokes v. State,* 738 P.2d 1364, 1366 (Okla. Crim. App. 1987), in which the Oklahoma Court of Criminal Appeals "held that when a criminal defendant pleads guilty to the crime charged and subsequently attempts to challenge the 'propriety of the charge as applied to the facts in her case,' then that type of challenge is nonjurisdictional." Here, we similarly conclude that Dr. Popkin's assertion that the facts alleged in his case do not constitute a crime is also nonjurisdictional.

*Id.,* ¶¶ 13-14, 429 P.3d at 55-56 (some citations omitted).

[¶23]   The same rationale applies here.  On its face, Count IV of the information properly stated a charge of unlawful entry against Mr. Dahl.  The question of whether the victim was an "adult child," and therefore a "household member" for purposes of the domestic

6

battery element of unlawful entry, was a mixed question of law and fact. Like in *Popkin*, the legal question of which statute sets the age at which a person is an "adult child" is a matter of statutory construction, which could have been presented to the district court in a motion to dismiss. Mr. Dahl decided, instead, to plead no contest to the charge.

[¶24] Regardless of which statutory definition of adult applied, the question regarding the victim's age was a factual matter the jury would have decided if Mr. Dahl had chosen to go to trial. By pleading no contest, Mr. Dahl waived his right to a jury trial and, therefore, his challenge to that factual allegation. *See Popkin,* ¶ 13, 429 P.3d at 56.

[¶25] The alleged defect in Count IV concerning the victim's age was not jurisdictional because it did not involve "the very power of the State to bring [Mr. Dahl] into court to answer the charge brought against him." *Popkin,* ¶ 12, 429 P.3d at 55 (citations and some quotation marks omitted). Mr. Dahl's defense based upon the victim's age would not have prevented a trial. *Ochoa,* 848 P.2d at 1362; *Davila,* 831 P.2d at 206. Instead, it was simply a challenge to the "propriety of the charge as applied to the facts" of the case, which does not affect the district court's jurisdiction. *Ochoa,* 848 P.2d at 1362 (citation and some quotation marks omitted).[4]

## CONCLUSION

[¶26] Mr. Dahl waived his challenge to Count IV by pleading no contest to the charge. Mr. Dahl's convictions are affirmed.

---

[4] Mr. Dahl also suggests the victim cannot be both an "adult child" (not less than sixteen years old) for domestic battery and a "child" for child abuse (less than eighteen years old under Wyo. Stat. Ann. § 6-2-503(b)(i)) (Lexis Nexis 2019)). We will not consider this claim because he provides no cogent argument or pertinent authority to support it. *Pier v. State,* 2019 WY 3, ¶ 26, 432 P.3d 890, 898 (Wyo. 2019) (citing *Blevins v. State,* 2017 WY 43, ¶ 22, 393 P.3d 1249, 1254 (Wyo. 2017)). We note, however, "[t]he legislature has virtually unlimited power to determine what conduct shall be a crime and, so long as that determination is constitutional, the legislature decides whether or not a criminal statute should sweep narrowly or broadly." *Smith v. State,* 964 P.2d 421, 423 (Wyo. 1998). *See also, Yager v. State,* 2015 WY 139, ¶ 18, 362 P.3d 777, 782 (Wyo. 2015) ("Whether such conduct should be criminalized is a decision for the legislature.").